**Daniel Lee CHERRY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17420.**

United States Court of Appeals Ninth Circuit.

Feb. 13, 1962.

326

Daniel Lee Cherry, in pro. per.

Cecil F. Poole, U. S. Atty., John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, HAMLEY and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

This appeal is from a denial of a motion to vacate sentence under 28 U.S.C. § 2255. Appellant, who was then 19 years old, was indicted for a violation of 18 U.S.C. § 2312, pleaded guilty, and on June 2, 1959, was placed on probation for five years. His probation was revoked on May 4, 1960, and the court sentenced him to the custody of the Attorney General pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 5010 (b), until discharged pursuant to § 5017 (c). Both when convicted and when sentenced, he was a "youth offender" (18 U.S.C. § 5006(e)).

Appellant contends that the court had no authority to sentence him to the custody of the Attorney General on revocation of his probation because at the time he was given probation the court made no express finding that he was a "youth offender". He urges that the judge must have been acting pursuant to 18 U.S.C. § 3651, which allows granting of probation to adults, rather than § 5010(a), which applies to youth offenders, and that, following revocation of probation, the judge had no discretion to sentence appellant to the custody of the Attorney General, because such a sentence was not one which might originally have been imposed under 18 U.S.C. § 3653.

■ The contention is without merit. Section 5010 gives a judge three choices at the time for sentencing a youth offender. He may place the latter on probation (§ 5010(a)), sentence him to the custody of the Attorney General for treatment and supervision, (§§ 5010 (b), (c)), or sentence him as an adult (§ 5010(d)). The purpose of § 5010(a) is to enable the court to give a youth offender the same probation that may be given an adult under § 3651. In contrast to § 5010(b), there is no requirement in § 5010(a) that the court actually find a defendant to be a youth offender, nor should there be one, since such a finding would be a superfluity. The judge was aware of appellant's age. The court could have sentenced him under § 5010(b) originally. We see no reason why it could not do so following revocation of probation granted under § 5010(a), as provided in § 3653. We think that "probation", as used in § 5010 (a) means probation as defined in §§ 3651 and 3653 (see § 5023(a)).

■ Appellant's contention that he has been placed in double jeopardy by the revocation of his probation and imposition of sentence has no merit. (Gillespie v. Hunter, 10 Cir., 1947, 159 F.2d 410; United States v. Huggins, 7 Cir., 1950, 184 F.2d 866)

■ Appellant attempts to challenge the sentence on the ground that under § 5017(c) his release from the Attorney General's custody must be reckoned from the date of conviction, rather than the date of revocation of probation. The sentence specifies that he is committed "until discharged * * * as provided in Title 18 U.S.C. § 5017(c)." Nothing more is required, and the earliest time specified in that section has not arrived. Appellant has no present standing to raise the question. There is no merit in his argument that a sentence failing in one way or another to take into account the period he served on probation would be cruel and unusual punishment.

Affirmed.