UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Bill HAYES, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Neil Eugene MEICKE, Defendant-Appellant.

Nos. 72–3009, 72–3010.

United States Court of Appeals, Ninth Circuit.

March 5, 1973.

Frederic F. Kay, Asst. Federal Public Defender (argued), Tom Karas, Federal Public Defender, Michael P. Callahan (argued), Tucson, Ariz., for defendants-appellants.

William C. Smithermen, U. S. Atty. (argued), Sarah Ann Bailey, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before: ELY and TRASK, Circuit Judges, and EAST,* District Judge.

TRASK, Circuit Judge:

Appellants were convicted of possessing, with intent to distribute, approximately 18 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). They contend that the district court erred in denying their motion to suppress evidence, marijuana found inside their Volkswagen van. In addition, appellants attack the fine imposed upon them as an improper sentence under the Federal Youth Corrections Act. 18 U.S.C. §§ 5005–5026.

■ We conclude that the government agents had probable cause to search the van when they discovered it parked on the side of the highway. They had discovered marijuana seeds on the floor of the van at the initial border crossing. In addition, the van had disappeared from the main highway in a notorious drug smuggling area. Finally, appellants consented to open the van's door for the agents who were able to get a plain view of a burlap bag containing what appeared to be brick-shaped objects as the door opened.

Appellants were committed to the custody of the Attorney General for treatment and supervision under the Federal Youth Corrections Act. 18 U.S.C. § 5010(b). The court also imposed a fine of $2,000 on appellant Hayes and $1,000 on appellant Meicke. Appellants contend that their fines are inconsistent with the sentences they received under the Federal Youth Corrections Act and are illegal. Appellants correctly assert that the Act does not provide for a fine when a youth offender is committed under the Act.

The government argues, however, that commitment under section 5010(b) of the Act is expressly in lieu of the penalty of *imprisonment* otherwise provided by law. Since the penalty for violation of 21 U.S.C. § 841(a)(1) is ". . . a term of imprisonment of not more than 5 years, a fine of not more than $15,000, or both," the argument is that the Youth Corrections Act sentence is in lieu of only the imprisonment penalty leaving open the fine of ". . . not more than $15,000, or both." On its

---

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

face section 5010(b) does not necessarily foreclose other penalties such as fines under other applicable penalty provisions. Section 5010(b) provides:

"If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter;".

An early model for the Federal Youth Corrections Act was drafted in 1942 by the Judicial Conference of the Committee on Punishment for Crime. The sentencing provision provided that:

"[T]he court may, as a penalty for the offense and *in lieu of the penalty otherwise provided by law*, sentence the youth offender to the custody of the Authority for treatment and supervision until discharged by the Authority as provided in this Title." Draft of an Act Recommended by the Committee to Provide a Correctional System for Adult and Youth Offenders Convicted in Courts of the United States, tit. III, § 1(a).

It is not clear why the equivalent provision under the Federal Youth Corrections Act, which was adopted in 1950, specified that sentencing under 5010(b) *is in lieu of the penalty of imprisonment.* There is no indication that Congress intended by such language to make fines permissible in conjunction with a sentence committing a youth offender for rehabilitative treatment.

■ The construction of the Act urged by the government is inconsistent with the rehabilitative policy and purpose of the Act.[1] The Act seeks to

"substitute for retributive punishment methods of training and treatment designed to correct and prevent anti-social tendencies. It departs from the mere punitive idea of dealing with criminals and looks primarily to the objective idea of rehabilitation." H. R.Rep.No.2979, 81st Cong., 2d Sess. 4 (1950), in 2 U.S.Code Cong.Serv. pp. 3983, 3985 (1950).

We have pointed out elsewhere that section 5010

". . . gives a judge three choices at the time for sentencing a youth offender. He may place the latter on probation (§ 5010(a)), sentence him to the custody of the Attorney General for treatment and supervision, (§§ 5010(b), (c)), or sentence him as an adult (§ 5010(d))." Cherry v. United States, 299 F.2d 325, 326 (9th Cir. 1962).

There is certainly nothing to indicate that the judge may select any combination thereof. The Federal Youth Corrections Act is an alternative sentencing provision. At the discretion of the judge a youth offender deemed treatable under the Act can be sentenced to treatment rather than punishment under the applicable penalty provision provided by law. A combination of rehabilitative treatment and retributive punishment is not intended and is improper. *See* United States v. Waters, 141 U.S. App.D.C. 289, 437 F.2d 722, 726 (1970).

■ We conclude that a judge electing to commit a youth offender for treatment and supervision under the alternative sentencing provisions of the Federal Youth Corrections Act is foreclosed from imposing an additional punitive penalty under another provision.

The convictions are affirmed but the fines imposed are vacated.

1. *See generally* Robert McNamara, Jr., The Federal Youth Corrections Act: Past Concern in Need of Legislative Reappraisal, 11 Am.Crim.L.Rev. 229 (1972).