
UNITED STATES of America,
Appellee,

v.

Ann Yvonne MORGAN, Appellant.

No. 73–1669.

United States Court of Appeals,
Ninth Circuit.

June 14, 1974.

Michael Hannon, Ashman & Hannon, Los Angeles, Cal., for appellant.

Harry D. Steward, U. S. Atty., Thomas M. Coffin, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS, MERRILL, KOELSCH, BROWNING, DUNIWAY, ELY, HUFSTEDLER, WRIGHT, TRASK, CHOY, GOODWIN, WALLACE and SNEED, Circuit Judges.

## OPINION

PER CURIAM:

Ann Yvonne Morgan appeals her conviction for conspiring to possess and possessing with intent to distribute 389 pounds of marijuana. The evidence of these violations was discovered on September 26, 1972, during a search of her automobile at the Immigration and Naturalization Service's San Onofre checkpoint near San Clemente, California.

In United States v. Bowen, 500 F.2d 960 (9th Cir., 1974) (en banc), this court held that under the rule announced by the Supreme Court in Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973), searches by border patrol agents at fixed checkpoints which were not the functional equivalents of border searches violated the Fourth Amendment. We hold here that a search at the San Onofre checkpoint, located approximately 65 miles north of the Mexican border on Interstate 5 between San Diego and Los Angeles, is not the functional equivalent of a border search, as that term is used in Almeida-Sanchez and Bowen.

However, we also held in Bowen that the Almeida-Sanchez ruling would not be applied to fixed-checkpoint searches conducted prior to June 21, 1973, the date of decision of Almeida-Sanchez. Since the search of Morgan's automobile was conducted before that date, the evidence was not subject to the motion to suppress.

The judgment of conviction is affirmed.

WALLACE, Circuit Judge (concurring and dissenting):

I concur in the result. I concur with that part of the majority opinion which holds *Almeida-Sanchez* is not retroactive as applied to searches conducted at fixed checkpoints. I dissent from that part of the majority opinion which applies a "functional equivalent" test to fixed checkpoints such as the one involved in this case. *See* United States v. Bowen, 500 F.2d 960, 979 (9th Cir. 1974) (en banc) (Wallace, J., dissenting). Further, from the limited record before us, I cannot make a *factual* finding that the San Onofre (San Clemente) checkpoint is not a functional equivalent of the border. I hasten to point out that the district judge made no such finding. However, one district court heard evidence on this precise issue and concluded this checkpoint was a functional equivalent of the border. United States v. Baca, 368 F. Supp. 398, 415 (S.D.Cal.1973). I believe our decision should be based upon a sufficient factual record such as that in *Baca*.

CHAMBERS, Circuit Judge, concurs in this concurring and dissenting opinion.