**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Steven Edward MOLLET et al., Defendants-Appellants.**

**Nos. 72-2945, 72-3135.**

United States Court of Appeals, Ninth Circuit.

Jan. 30, 1975.

Lowell Chatburn (argued), of Scholz & Shecter, Millbrae, Cal., for defendants-appellants.

Douglas G. Hendricks, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before BARNES and GOODWIN, Circuit Judges, and ANDERSON,* District Judge.

OPINION

BARNES, Circuit Judge:

This is an appeal from three convictions of conspiracy to introduce marijuana into the United States. We affirm the convictions, but vacate the sentences.

On May 9, 1972, oral argument was heard on the appeal. On May 25, 1972, we reserved, by order, our opinion upon the applicability of United States v. Almeida-Sanchez, 452 F.2d 459 (9 Cir. 1971), because *Almeida* was on appeal, awaiting determination by the Supreme Court.

I

On June 21, 1973, the Supreme Court, ruled in Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37

---

* The Honorable J. Blaine Anderson, District Judge of Idaho, sitting by designation.

L.Ed.2d 596 (1973), that a "roving search" of an automobile, without a warrant and without probable cause, when not a border search, or the functional equivalent thereof, violated the Fourth Amendment.

On September 5, 1973, we handed down an opinion in this case holding that since this case did not involve a roving search but occurred at San Onofre immigration checkpoint, *Almeida-Sanchez* did not apply and the search was valid. On October 31, 1973, an order was entered by this court *en banc,* vacating the decision of the panel herein, withdrawing the assignment theretofore made to this panel and reassigning the case to the court *en banc.* On May 9, 1974, the court *en banc* decided United States v. Bowen, 500 F.2d 960, cert. granted, 419 U.S. 824, 95 S.Ct. 40, 42 L.Ed.2d 47 (October 15, 1974) (No. 73–6848), holding, contrary to the views hereinbefore expressed by this panel, that the Supreme Court rule in *Almeida-Sanchez* did apply to fixed checkpoints as well as to roving searches unless the fixed checkpoint was the functional equivalent of the border, but that as to fixed checkpoint searches the Supreme Court rule in *Almeida-Sanchez* would apply prospectively only. This court, on June 14, 1974, in United States v. Morgan, 501 F.2d 1351 (en banc), held that the checkpoint at San Onofre is not the functional equivalent of the border. On July 22, 1974, this court *en banc* ordered this case returned to the original panel for disposition. Accordingly we proceed pursuant to the remand.

■ We are now controlled by the decision of the court *en banc* in *Bowen, supra,* holding that searches at fixed checkpoints not the functional equivalent of the border are subject to the ruling of the Supreme Court in *Almeida-Sanchez,* but effective only as of the date of that opinion. Since the search here occurred on March 8, 1972, prior to the decision in *Almeida-Sanchez* on June 21, 1973, it was valid under the law of the circuit as of that date.

## II

■ At the time of oral argument the court, on its own motion, raised the question of the legality of imposing both fines and confinement in sentences rendered on September 8, 1972, under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005 to 5024.

Yamron (20 years old), was fined $5,000, and committed for supervision under 18 U.S.C. § 5010(b), and sentenced to 6 months, plus 5 years probation.

Mollet (22 years old), was fined $1,000 and imposition of sentence as to imprisonment suspended under § 5010 (a), with 5 years probation.

Moxley (25 years old), was fined $2,000, and imposition of sentence as to imprisonment suspended under § 5010 (a) with 5 years probation.

On March 5, 1973, 6 months after date of sentencing, the consolidated cases of United States v. Hayes, and United States v. Meicke were decided by a panel of this court (474 F.2d 965), holding that punitive fines are inconsistent with the rehabilitative theory and provisions of the Youth Corrections Act; and hence that a trial court's election to commit a youthful offender for rehabilitative treatment and supervision under the alternative sentencing provisions of the Federal Youth Corrections Act forecloses the imposition of retributive punishment under other provisions of the Act, including the imposition of a fine (and we would assume, imprisonment).

We are bound by the previous opinion of this Court in United States v. Hayes and *Meicke, supra.*

Therefore, we affirm the convictions of each defendant, but each sentence is vacated and *each case is remanded* to the district court for the re-sentencing of each defendant.

J. BLAINE ANDERSON, District Judge (concurring and dissenting) :

I concur in the affirmance of the convictions as to all three defendants, but

must respectfully dissent as to Part II vacating the sentences and remanding for re-sentencing as to Mollet and Moxley. I agree that because of the decision in *Hayes* and *Meicke* (474 F.2d 965), the sentence must be vacated and remanded as to Yamron.

The point which distinguishes Mollett and Moxley from Yamron and from the result in ,*Hayes* and *Meicke* lies in the fact that Mollet and Moxley were both sentenced under Section 5010(a), whereas Yamron, Hayes and Meicke were sentenced under Section 5010(b). In *Hayes* and *Meicke* Judge Trask and the panel were dealing only with a Section 5010(b) sentence. A Section 5010(a) sentence was not involved, discussed, nor is that sentencing alternative even cited by that panel. I recognize the seemingly broad language of the *Hayes* panel that "a combination of rehabilitative treatment and retributive punishment is not intended and is improper" when sentencing under the Federal Youth Corrections Act. 474 F.2d at 967. Nevertheless, it is my view that as a matter of judicial interpretation and application and Congressional intent, *Hayes* must be confined to the issue there, namely, a Section 5010(b) sentence.

The *Hayes* decision holds that:

" . . . a judge electing to commit a youth offender for *treatment and supervision* under the alternative sentencing provisions of the Federal Youth Corrections Act is foreclosed from imposing an additional punitive penalty under another provision." (emphasis added)

I have studied the *Hayes* decision very carefully and I am compelled to conclude that it does not apply to a Section 5010(a) sentence. The court in *Hayes* uses the language: "treatment and supervision" which is identical to the words used in Section 5010(b). I have no quarrel with the *Hayes* decision if it is limited to Section 5010(b) which is the subsection dealing specifically with "treatment and supervision." The fact that there are five separate subdivisions in Section 5010 leads one to the conclusion that Congress intended to vest in the District Judges five separate sentencing alternatives. The *Hayes* conclusion that "a combination of rehabilitative treatment and retributive punishment" was not intended by Congress, must, in my view, be confined to a Section 5010(b) sentence.

I am of the opinion that when probation is given under Section 5010(a)[1] (a separate sentencing alternative), the district judge is free to invoke the alternatives specified in 18 U.S.C. § 3651[2] and to utilize various combinations thereof. As Section 5023, 18 U.S.C., states:

---

1. "5010. *Sentence*
   (a) If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth on probation."

2. § 3651. *Suspension of sentence and probation*
   "Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served, thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.
   "Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.
   "Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Pro-

"(a) Nothing in this chapter shall limit or affect the power of any court to suspend the imposition or execution of any sentence and place a youth offender on probation or be construed in any wise to amend, repeal, or affect the provisions of chapter 231 of this title . . .".

The Ninth Circuit has previously drawn a distinction between a Section 5010(a) and a Section 5010(b) sentence. Cherry v. United States, 299 F.2d 325 (9 Cir. 1962), holds: "[T]hat 'probation', as used in § 5010(a) means probation as defined in §§ 3651 and 3653 . . . ." Section 3651 expressly provides for payment of a fine as a condition of probation and would seem also to permit incarceration in a jail-type institution or treatment center for a period of time as a further condition of probation. The sentence meted out under Section 5010(a), as was done with respect to Mollet and Moxley, when read with the probation statute, Section 3651, seems obviously to contemplate a discretionary combination of elements of punishment and rehabilitation for a youthful or young adult offender, but combined with and retaining for the offender the beneficent prospects of total expungement of the record of a felony conviction. 18 U.S.C. § 5021. These combined sentencing alternatives may well have been the aim and purpose of the district judge as to Mollet and Moxley and, to him, based upon his knowledge of the background and personality traits of these two young men, may have seemed to be peculiarly appropriate for these two youthful offenders. When one reads the Youth

Corrections Act as a whole and in combination with 18 U.S.C. §§ 3651 and 3653, it would seem that Congress intended the very flexibility used in this case with respect to a Section 5010(a) sentence. While I recognize that the need for judicial flexibility in sentencing does not of itself spell out or support an argument as to a particular Congressional intent, nevertheless the district judges are in need of this flexibility in fashioning a hopefully enlightened sentence, particularly when dealing with the sensitive problems of youthful and young adult offenders. Thus, I would conclude that the sentences with respect to Mollet and Moxley were proper, were within the Congressional intent and within the discretion of the District Judge.

---

bation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

"The court may revoke or modify any condition of probation, or may change the period of probation.

"The period of probation, together with any extension thereof, shall not exceed five years.

"While on probation and among the conditions thereof, the defendant—

May be required to pay a fine in one or several sums; and

May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and

May be required to provide for the support of any persons, for whose support he is legally responsible.

"The defendant's liability for any fine or other punishment imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation."