UNITED STATES of America,
Appellee,

v.

Loretta BOWENS, Appellant.

No. 74-2970.

United States Court of Appeals,
Ninth Circuit.

March 28, 1975.

Barry J. Portman, Asst. Federal Public Defender, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Lawrence Edelman, Asst. U. S. Attys., for appellee.

OPINION

Before KOELSCH and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.*

PER CURIAM:

The appellant, Loretta Bowens, entered a plea of guilty to the embezzlement of bank funds in an amount less than $100 in violation of 18 U.S.C. § 641, at which time she was 18 years of age. At the same time, she was sentenced to one year probation under and pursuant to 18 U.S.C. § 5010(a) (the Youth Corrections Act), conditioned upon restitution in full and payment of a $200 fine.

* Of the District of Idaho, sitting by designation.

Subsequent thereto, the magistrate who sentenced appellant was advised by a probation officer that the sentence imposed was contrary to the holding in U. S. v. Mollet, (9th Cir. Sept. 5, 1973, later withdrawn) which prohibits the imposition of a fine when sentencing under 18 U.S.C. § 5010(a).

After appellant had completed two months of her probation, the magistrate, on February 20, 1974, set aside the original sentence and re-sentenced appellant to one year probation and a fine of $200 under 18 U.S.C. § 5010(d) of the Youth Corrections Act and 18 U.S.C. § 3651, the adult probation section which permits a fine and probation. The magistrate stated as his reason for this latter sentence that it was his policy to exact fines from persons who had gained monetarily from illegal acts so as to teach them a lesson.

On appeal from the magistrate's last sentence to the District Court, the matter was remanded to the magistrate with direction that he specifically find whether or not appellant would benefit from the application of the Youth Act. On remand, the magistrate found that appellant would benefit under the Act, but only if a fine could be imposed, and that if it could not be imposed she should be sentenced as an adult. The cause was returned to the District Court and that court affirmed the sentence of probation and fine as previously imposed by the magistrate.

█ The primary question presented here is whether a court may impose probation pursuant to § 5010(a) of the Youth Corrections Act (18 U.S.C. § 5005 et seq.), conditioned upon restitution of embezzled funds and the payment of a fine. The answer to this question is in the negative. This issue has been settled by the decisions of this court in U. S. v. Mollet, 510 F.2d 625 (9th Cir. 1975) and U. S. v. Bauer & Rew, F.2d (9th Cir. Feb. 10, 1975). In *Mollet*, this court ad-

hered to the holding in the consolidated cases of U. S. v. Hayes and U. S. v. Meicke, 474 F.2d 965 (9 Cir. 1973). The decision in *Hayes & Meicke* states:

" * * * The Federal Youth Corrections Act is an alternative sentencing provision. At the discretion of the judge a youth offender deemed treatable under the Act can be sentenced to treatment rather than punishment under the applicable penalty provision provided by law. A combination of rehabilitative treatment and retributive punishment is not intended and is improper." [citations omitted]

The court concluded that a judge, electing to commit a youth offender for treatment and supervision under the alternative sentencing provisions of the Youth Corrections Act, is foreclosed from imposing an additional punitive penalty under another provision.

█ We conclude that the magistrate's first sentence exceeded the provision of § 5010(a) and thus is valid only to the extent provided in that section and is void as to the excess.

█ Appellee correctly concedes that the re-sentencing of the defendant, under § 3651, constituted an increased punishment from the valid portion of that imposed in the first sentence and that such increased punishment, for the same offense, violates the double jeopardy clause of the Fifth Amendment. In Re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500 (1943); Tatum v. U. S., 114 U.S.App.D.C. 49, 310 F.2d 854 (1962); U. S. v. Kenyon, 519 F.2d 1229 (9th Cir. 1975).

Since this case must be remanded for re-sentencing, we find it unnecessary to consider the remaining issues raised by appellant on this appeal.

Accordingly, the second sentence imposed by the magistrate and affirmed by the district court, is vacated and the case is remanded for re-sentencing in accordance herewith.