**UNITED STATES of America**

v.

**Tony PRIANOS.**

**No. 72 CR 403.**

United States District Court, N. D. Illinois, E. D.

Nov. 19, 1975.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for plaintiff.

George J. Cotsirilos, Chicago, Ill., for defendant.

MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

### I. *Introduction*

This case is before the Court on Defendant's Motion to Amend Probation Order. On April 18, 1974, defendant pleaded guilty to a single conspiracy charge of a three count indictment, whereupon the two substantive charges under 26 U.S.C. § 4705(a), alleging transfer of cocaine, were dismissed on the government's motion. Though at the time of conviction defendant was twenty-three years of age, this Court found him suitable for treatment under the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.*,[1] and sentenced him to five years probation under 18 U.S.C. § 5010(a), and ordered him to pay a $5,000 fine at $100 per month.

To date, defendant has apparently complied with all of the conditions of his probation, though he now moves this Court to amend its probation order insofar as it imposes a monetary penalty. Defendant bases his motion upon decisions from the Fifth and Ninth Circuits which have held that the imposition of a

---

1. Though the Federal Youth Corrections Act defines a youth offender as "a person under the age of twenty-two at the time of conviction," 18 U.S.C. § 5006(e), a young adult offender between the ages of twenty-two and twenty-six may, upon a specific finding of the Court, be sentenced under the Youth Corrections Act. 18 U.S.C. § 4209.

fine is improper where sentence is imposed pursuant to the Youth Corrections Act.[2] Neither the Seventh Circuit nor the remaining Circuits have ruled upon this question.

## II. The Federal Youth Corrections Act

The Federal Youth Corrections Act, passed in 1950, is designed to improve the administration of criminal justice·by providing a sentencing alternative of treatment and rehabilitation for federal youth offenders.[3] Predicated upon the belief that youthful offenders are a unique type of criminal possessing a substantial rehabilitative potential, Congress chose to substitute a program of correctional rehabilitation for the traditional practice of retributive punishment.[4]

The Act outlines four alternatives which may be pursued by a sentencing court where it determines that a sentence under the Act would be appropriate.[5] § 5010(a) allows for suspension of sentence and imposition of probation; §§ 5010(b) and (c) provide for sentencing to the custody of the Attorney General for "treatment and supervision;" and § 5010(d) permits the court, upon a finding that the offender would not benefit from the special treatment offered by the Act, to impose any other sentence provided by law.

The specific provision at issue herein is 18 U.S.C. § 5010(a), which provides:

(a) If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youthful offender on probation.

Nowhere in the statutory language or the legislative history of the Act is the imposition of a fine discussed. The Fifth and Ninth Circuits have, however, dealt with the general question of the imposition of fines in Federal Youth Corrections Act cases, and the Ninth Circuit has dealt with the matter in the specific context of subsection (a) on two occasions.

## III. The Reported Decisions

The first reported case to deal with the propriety of imposing a fine in conjunction with a sentence pursuant to the Federal Youth Corrections Act was *United States v. Hayes*, 474 F.2d 965 (9th Cir. 1973). In *Hayes*, the defendants were convicted of possessing, with intent to distribute, approximately 18 pounds of marijuana. They were committed to the custody of the Attorney General for treatment and supervision pursuant to subsection (b) of the Act and fines of $2000 on one party and $1000 on the other were also imposed.

Citing *United States v. Waters*, 141 U.S.App.D.C. 289, 437 F.2d 722, 726 (1970), the Ninth Circuit held that monetary penalties were impermissible under the Act in light of the Act's rehabil-

2. *United States v. Hayes*, 474 F.2d 965 (9th Cir. 1973); *Cramer v. Wise*, 501 F.2d 959 (5th Cir. 1974); *United States v. Mollet*, 510 F.2d 625 (9th Cir. 1975); *United States v. Bowens*, 514 F.2d 440 (9th Cir. 1975).

3. *See* S.Rep.No.1180, 81st Cong., 1st Sess. (1949) and H.R.Rep.No.2979, 81st Cong., 2d Sess., 2 U.S.Code Cong.Serv., p. 3983 (1950).

4. *Id.*, the House Report, in detailing the reasons for the Act stated:
   That existing methods of treatment of criminally inclined youths are not solving the problem . . . . .
   By herding youth with maturity, the novice with the sophisticate, the impressionable with the hardened, and by subjecting youth

offenders to the evil influences of older criminals and their teaching of criminal techniques, without the inhibitions that come from normal contacts and counteracting prophylaxis, many of our penal institutions actively spread the infection of crime and foster, rather than check, it. *Id.* at p. 3985.

5. While sentences issued pursuant to the Act represent a specific finding that the defendant would benefit from such an alternative sentence, the Supreme Court has held that where a Court determines that "no benefit" would result from a sentence under the Act a specific finding of "no benefit" is required. *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).

itative rather than punitive goals. The court stated: 474 F.2d at 967.

> The Federal Youth Corrections Act is an alternative sentencing provision. At the discretion of the judge a youth offender deemed treatable under the Act can be sentenced to treatment rather than punishment under the applicable penalty provision provided by law. A combination of rehabilitative treatment and retributive punishment is not intended and is improper. (citation omitted).

A similar analysis was followed by the Fifth Circuit in *Cramer v. Wise,* 501 F. 2d 959 (5th Cir. 1974), also a subsection (b) case, wherein the court focused upon the rehabilitative purposes of subsection (b) while noting that "[b]y its terms the statute does not prohibit monetary fines, but only precludes the imposition of the penalty of imprisonment when sentencing under [subsection (b) of] the Act." 501 F.2d at 961.

It was not until *United States v. Mollet,* 510 F.2d 625 (9th Cir. 1975), however, that the question regarding the imposition of a fine in conjunction with subsection (a) was presented for review. *Mollet* involved three defendants, two of whom were sentenced under subsection (a) and one under subsection (b), with all three receiving fines in addition to their Federal Youth Corrections Act sentences. Relying exclusively upon the *Hayes* decision *supra,* and with no new analysis, two judges of the three judge panel held that all three fines were improper. Judge Anderson concurred in the disposition regarding the defendant sentenced under subsection (b) but dissented regarding the defendants sentenced under subsection (a).

Judge Anderson correctly pointed to the fact that *Hayes* was a subsection (b) case, and argued that the reading of Congressional intent into the Act to restrict retributive punishment through fines should be limited to subsection (b) cases, but

> that when probation is given under Section 5010(a) (a separate sentenc-

ing alternative), the district judge is free to invoke the alternative specified in 18 U.S.C. § 3651 and to utilize various combinations thereof. (footnotes omitted). 510 F.2d at 627.

Two months later in *United States v. Bowens,* 514 F.2d 440 (9th Cir. 1975), the Ninth Circuit was faced with a defendant who had entered a plea of guilty to embezzling bank funds and who was sentenced to one year's probation under subsection (a) conditioned upon her restitution of the funds and payment of a $200 fine. Relying on *Hayes* and *Mollet,* the court held that the fine was improper.

## IV. *Defendant's Motion*

As indicated above, the only two reported decisions which deal directly with the issue presented herein are the Ninth Circuit cases of *Mollet* and *Bowens.* Both the Ninth Circuit decision in *Hayes* and the Fifth Circuit decision in *Cramer* deal with subsection (b), a totally distinct provision under the Act.

■ With due deference to the opinion of the Ninth Circuit, and in light of the particular circumstances and considerations involved in this case, we deny defendant's motion to amend his probation order and reaffirm our order that the fine be paid.

Of the tasks facing a trial court judge, the sentencing of a convicted offender is by far the most difficult. Concurrently, a sentencing judge is called upon to exercise his wisdom, knowledge and insight, as a jurist and a human being. He must weigh in balance the future course of life of the individual before him with his judicial responsibility for the protection of the community at large. At times this most weighty of tasks is somewhat eased by legislative directives which mandate certain determinations upon a finding of guilt. In other instances, as here, the complex task is at once magnified and at the same time relaxed where the legislature provides alternative sentencing plans which may comport with what the

trial court deems to be the proper formula in a given situation.

Aside from its more lenient sentencing provisions, use of the Federal Youth Corrections Act as a sentencing tool is desirable for it affords the Court the opportunity to set aside a conviction pursuant to § 5021(b),[6] and thereby avoid stigmatizing a youthful offender with a felony conviction on his record. Thus, the Act enables the Court to act forcefully at the imposition stage yet compassionately at the point where it feels that the rehabilitative ends of its sentence have been satisfied.

In evaluating defendant's motion, we note first that the threshold determination reached by this Court was that despite his age at the time of sentencing it appeared that the defendant would "benefit from the treatment provided under the Federal Youth Corrections Act." 18 U.S.C. § 4209. The specific "treatment" determined to be best suited for the defendant was probation pursuant to § 5010(a). While the term "probation" is not specifically defined in the definitional section of 18 U.S.C. § 5006, 18 U.S.C. § 5023(a) does provide that:

> (a) Nothing in this chapter shall limit or affect the power of any court to suspend the imposition or execution of any sentence and place a youth offender on probation or be construed in any wise to amend, repeal, or affect the provisions of chapter 231 of this title . . . .

Thus neither by implication nor by direct language did the Act purport to modify the meaning of the term "probation" from its normal usage in Title 18.[7]

As noted by Judge Anderson in the dissenting portion of his opinion in *Mollet, supra,* 510 F.2d at 628:

Section 3651 [of Title 18] expressly provides for payment of a fine as a condition of probation . . . .. The sentence meted out under Section 5010(a) . . . when read with the probation statute, Section 3651, seems obviously to contemplate a discretionary combination of elements of punishment and rehabilitation for a youthful or young adult offender, but combined with and retaining for the offender the beneficent prospects of total expungement of the record of a felony conviction. 18 U.S.C. § 5021. . . . When one reads the Youth Corrections Act as a whole and in combination with 18 U.S.C. §§ 3651, 3653, it would seem that Congress intended the very flexibility used in this case with respect to Section 5010(a) sentence.

Though the fine imposed herein was ordered pursuant to this Court's § 3651 powers, we wish to dispel the notion that it was intended as a punitive measure. Apart from our realization that sentences pursuant to the Federal Youth Corrections Act were intended by Congress to be rehabilitative rather than retributive, it was and remains the considered opinion of this Court that the most effective rehabilitation of this defendant would be realized through a program of probation and the payment of a fine.

Of the $5,000 ordered by this Court to be paid as a "fine", $4,000 represents the amount received by the defendant from a government agent during the sale of a substance containing cocaine, and for which defendant was originally indicted. After the receipt of those monies, defendant absconded to Greece and did not divide the proceeds of the sale among his codefendants. Thus, the

---

**6.** 18 U.S.C. § 5021(b) provides:
  Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

**7.** Moreover, the legislative history of the Act reflects that "the power of the court to grant probation [under § 5010(a)] is left undisturbed by the [Act]." *See,* House Report, *supra,* note 3, 2 U.S.Code Cong.Serv. at p. 3985 (1950).

actual "fine" in question is in reality only $1,000—the difference between the amount required as restitution and the total amount defendant has been ordered to pay.

Though the imposition of a fine is normally characterized as a punitive measure, we are of the opinion that in this instance the fine will serve as a deterrent to such future misconduct by the defendant, particularly when coupled with the probationary term ordered herein.

While a sentence issued pursuant to § 5010(a) is the most lenient sentence possible for a court to issue under the Act, if courts are to be bound by the Ninth Circuit's interpretation of that subsection, a sentencing judge desiring to impose a rehabilitative fine in addition to a probationary term under the Act will be effectively barred from such action. He will, instead, be required to specifically find that "no benefit" would enure to the defendant under the provisions of the Act as so interpreted, and sentence the youthful offender under the more stringent sentencing statutes. We find such a result, even where the fine imposed is decidedly punitive, but particularly where it is deemed rehabilitative, to be contrary to the overall purposes of the Act and in conflict with sound sentencing practice.

Conditions of probation are, pursuant to statute and the dictates of reason, matters to be determined in the discretion of the sentencing court. We have no doubt that the legislature neither intended to encroach upon that discretion nor to restrict the use of somewhat innovative, though penologically and rehabilitatively sound, sentencing alternatives.

We therefore hold the program ordered by this Court to be consistent with the language and underlying intent of the Act, and accordingly deny defendant's motion.