### UNITED STATES of America

v.

### James Goldie COLEMAN.

### Crim. No. M–76–067.

United States District Court,
D. Maryland.

May 12, 1976.

Jervis S. Finney, U. S. Atty., and Andrew Radding, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Michael E. Marr, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

The defendant pled guilty to a violation of 21 U.S.C. § 846, conspiracy to distribute a Schedule III controlled substance, Phencyclidine Hydrochloride. On April 28, 1976, the court determined that the defendant was suitable for handling under the provisions of the Young Adult Offenders Act, 18 U.S.C. § 4209, and ordered the defendant committed to the custody of the Attorney General, or his authorized representative for treatment and supervision pursuant to 18 U.S.C. § 5010(b) until discharged as provided by 18 U.S.C. § 5017(c). The court also imposed a special parole term of two years, purportedly pursuant to 21 U.S.C. § 841(b)(1)(B). At the time of sentencing, the court indicated it was unsure as to whether or not a special parole term is an appropriate part of the sentence under the Young Adult Offenders Act. Subsequent research has convinced the court that the requirements of 21 U.S.C. § 841 mandating the imposition of a special parole term do not apply to a sentence under the provisions of the Young Adult Offenders Act.

The Comprehensive Drug Abuse Prevention and Control Act of 1970 provided for the imposition of mandatory special parole terms in certain types of cases. The applicable part of that Act, now codified as 21 U.S.C. § 841(b)(1)(B), provides as follows:

> ". . . Any sentence *imposing a term of imprisonment under this paragraph* shall, in the absence of such a prior conviction, impose a special parole term of at least 2 years *in addition to such term of imprisonment* . . .." (Emphasis added).

The above quoted language by its terms limits the imposition of a special parole term to a prison sentence imposed under 21

U.S.C. § 841, and does not extend to the imposition of a sentence under any other statute such as one under the Young Adult Offenders Act, 18 U.S.C. § 4209, extending to young adult offenders the alternative type of sentence provided by 18 U.S.C. § 5010(b).

Similarly, the language of 18 U.S.C. § 5010(b) provides for the sentence of an eligible offender to the custody of the Attorney General " . . . for treatment and supervision pursuant to this chapter . . . *in lieu of the penalty of imprisonment otherwise provided by law* . . . until discharged by the Division as provided in section 5017(c) of this chapter." (Emphasis added). Sections 5017(c) and (d) of Title 18 require the unconditional release of the sentenced youth or young adult offender at the statutorily mandated time.

█ Nothing in the legislative history of 21 U.S.C. § 841, enacted as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 20 years after the enactment of the Federal Youth Corrections Act and 12 years after the enactment of the Young Adult Offenders Act, indicates that Congress intended to modify the unconditional release provisions of the latter Acts by the special parole term provisions of § 841.

Additionally, the Supreme Court, in *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), has made clear that the Federal Youth Corrections Act (the benefits of which have been extended to young adult offenders by 18 U.S.C. § 4209) is an alternative sentencing provision, carefully designed to provide for an integrated system of treatment and rehabilitation based on study and supervision which represents " . . . a departure from traditional sentencing." *Id.* at 433, 94 S.Ct. at 3048, 41 L.Ed.2d at 862. The Court's analysis in *Dorszynski* demonstrates its judgment that the Youth Corrections Act, providing, as it does, for a Youth Correction Division to implement the program of treatment for youth offenders, 18 U.S.C. § 5005, as well as for conditional release under supervision, 18 U.S.C. § 5007, § 5017,

and § 5019, which is mandatory after the period of time fixed by § 5017(c), and (d), and discretionary and mandatory unconditional release dates pursuant to § 5017(b), (c), and (d), is complete in itself. The parole term, as defined by 21 U.S.C. § 841(c), would conflict with the unconditional and conditional release mechanisms provided by the Youth Corrections Act.

Courts of Appeals have generally held that a defendant who is sentenced under the provisions of the Youth Corrections Act or the Young Adult Offenders Act is not subject to the imposition of the panoply of punishments generally prescribed for adults convicted of the specific offense for which the sentence is imposed. *United States v. Howard,* 146 U.S.App.D.C. 10, 449 F.2d 1086 (1971); *United States v. Waters,* 141 U.S. App.D.C. 289, 437 F.2d 722 (1970); *United States v. Hayes,* 474 F.2d 965 (9th Cir.1973); *United States v. Bowens,* 514 F.2d 440 (9th Cir.1975); *Cramer v. Wise,* 501 F.2d 959 (5th Cir.1974).

█ This court concludes, therefore, that the special parole term mandated by 21 U.S.C. § 841(b)(1)(B) is inconsistent with, and cannot be applied in conjunction with, a sentence under the provisions of 18 U.S.C. § 4209, and § 5010.

█ Having determined that the imposition of a special parole term upon the defendant in this case constitutes an illegal sentence, that portion of the sentence imposing the special parole term, being easily severable from the remaining valid portion of the sentence, must be excised. The invalid portion of the sentence may be excised as a matter of law without the defendant being present. *Ruiz v. United States,* 365 F.2d 500 (3rd Cir.1966); *Waldon v. Swope,* 193 F.2d 389, 390 (9th Cir.1951); *Coy v. United States,* 156 F.2d 293 (6th Cir.), *cert. denied,* 328 U.S. 841, 66 S.Ct. 1010, 90 L.Ed. 1615 (1946).

For the reasons heretofore stated, pursuant to Rule 35, F.R.Crim.P., on the court's own motion, a revised commitment will be entered herein eliminating the two-year special parole term heretofore imposed.

It is so ORDERED this 12th day of May, 1976, and it is

FURTHER ORDERED that the Clerk send a copy of this Memorandum and Order to counsel for the government, counsel for the defendant, and to the defendant himself.