UNITED STATES of America, Appellee,

v.

Michael Correll OLIVER, Appellant.

No. 75–2161.

United States Court of Appeals, Fourth Circuit.

Argued April 9, 1976.

Decided Oct. 5, 1976.

2. Cf. *Park Terrace, Inc. v. Burge*, 249 N.C. 308, 106 S.E.2d 478 (1959). *Ballentine on Corporations*, Rev.Ed. § 141.

Bennie L. Dunkum, Richmond, Va. [court-appointed counsel] for appellant.

Joseph L. Ciolino, Atty., Dept. of Justice (William B. Cummings, U. S. Atty., Alexandria, Va., David A. Schneider, Asst. U. S. Atty., Richmond, Va., Richard L. Thornburgh, Asst. Atty. Gen. and Robert L. Keuch, Washington, D.C., on brief), for appellee.

Before CRAVEN and WIDENER, Circuit Judges, HADEN, District Judge *.

WIDENER, Circuit Judge:

The sole question raised on this appeal is whether the imposition of a fine as a condition of probation is compatible with the rehabilitative purposes of the Youth Corrections Act, 18 U.S.C. § 5010. We are of opinion that it is and affirm.

The appellant in this action, Michael Oliver, pleaded guilty on October 10, 1972 be-fore the United States District Court for the Western District of Virginia to a charge of distributing marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). Because of his status as a youth offender under 18 U.S.C. § 4209, he was eligible for sentencing under the Youth Corrections Act. Accordingly, the court imposed the following sentence:

"IT IS ADJUDGED that the defendant is sentenced to the custody of the Attorney General or his authorized representative for treatment and supervision pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 5010(b), and the execution of the sentence is suspended and defendant is placed on probation for a period of THREE (3) YEARS pursuant to 18 U.S.C. § 5010(a), and fined the sum of $1500, to be paid as directed by his supervising probation officer."

Effective January 3, 1973, jurisdiction over Oliver during the period of his probation was transferred to the Eastern District of Virginia where he maintained his permanent residence. On September 23, 1975, Oliver's probation officer made complaint to the United States District Court for the Eastern District of Virginia charging that he had not been complying with the special condition of his probation in that he had not adequately kept up with his fine payments. Oliver's probation officer requested a hearing to determine whether probation should be revoked.

A hearing was held on the complaint on September 29, 1975, at which time it was determined that Oliver had paid but $675 of the original $1500 fine imposed instead of $50 per month which Oliver and the probation officer had agreed should be paid. Based upon this, the court construed the sentence of the Western District to be a fine as a condition of probation and found it had been violated by non-payment. Oliver's period of probation was extended for a period of one year from October 9, 1975

* United States District Court for the Northern and Southern Districts of West Virginia, sitting by designation.

(the expiration date of the original probation period), and the balance due on the original fine was ordered paid within three months.

Oliver contends here, as he did at the hearing when his probation was extended, that the imposition of a fine as a condition of probation is impermissible under 18 U.S.C. § 5010(a), which provides:

"If the court is of opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation." [1]

He further asserts that the order below extending the probation and requiring the payment of the fine, which was brought about by, and based upon, his failure to pay the fine in question, must be set aside.

In support of his position as to the propriety of fines under the Youth Corrections Act, the appellant cites a series of cases from the Ninth Circuit. See *United States v. Hayes*, 474 F.2d 965 (9th Cir. 1973); *United States v. Mollet*, 510 F.2d 625 (9th Cir. 1975) (one judge dissenting); *United States v. Bowens*, 514 F.2d 440 (9th Cir. 1975). In *Hayes*, the court, after concluding that the imposition of a fine was punitive in nature, found that a combination of rehabilitative confinement under 18 U.S.C. § 5010(b) and a fine was improper under the Youth Corrections Act. This position was followed in *Mollet* and again in *Bowens* and extended its prohibition to suspended sentences imposed under 18 U.S.C. § 5010(a), being of opinion that a trial court's election to commit a youthful offender for rehabilitative treatment under the alternative sentencing provisions of the Youth Corrections Act foreclosed the imposition of a fine, certainly, and probably even

the restitution of stolen funds, as a condition of probation.

The Fifth Circuit, in *Cramer v. Wise*, 501 F.2d 959 (5th Cir. 1975), has agreed with *Hayes*, thus lending support to the defendant's position.[2]

■ With deference to those cases, we are unpersuaded that the imposition of a fine is inconsistent with the purposes of the Youth Corrections Act. We begin with the observation, as did the court in *Cramer*, p. 961, that the Youth Corrections Act, by its terms, does not prohibit the imposition of monetary fines, but only precludes the imposition of a prison sentence. Moreover, the statutory language represents a significant change from the original draft of the Act submitted to Congress by the Judicial Conference Committee on Punishment of Crimes. The Conference draft provided:

"[T]he court may, as a penalty for the offense and *in lieu of the penalty otherwise provided by law*, sentence the youth offender to the custody of the Authority for treatment and supervision until discharged . . . ." [Emphasis added]

See *Cramer* at 961. Rather than adopting the broad language of the Conference, Congress chose to amend the draft to read "in lieu of the penalty of imprisonment," 18 U.S.C. § 5010(b), rather than "in lieu of the penalty otherwise provided by law" as used in the Committee draft. It would appear, therefore, that Congress intended to preclude only the power to imprison in an ordinary prison rather than in a youth facility when sentencing under the Act. Of course, the length of the sentence is also affected. As such, neither the statutory language nor the Act's legislative history supports the interpretation contended for by the defendant.

---

1. § 5010(b) provides:

"(b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the

Division as provided in section 5017(c) of this chapter."

2. *Hayes* and *Cramer* are distinguishable on their facts from the case at hand, while *Mollet* and *Bowens* are not. The defendant properly does not rely on *United States v. Waters*, 141 U.S.App.D.C. 289, 437 F.2d 722 (1970), and the case is mentioned here only to indicate it has not been overlooked.

In addition, we are of opinion that an interpretation of the Act which would preclude the trial court from imposing a fine as a condition to probation would not only be contrary to the literal wording of the statute, but would also diminish the liberal use of the probation alternative. This was held in *United States v. Kitson*, No. 74–211–ORL–Cr–R (M.D.Fla.1975), in which a sentencing judge construed *Hayes* as only limiting the power to impose a fine in addition to commitment under § 5010(b), not as a condition of probation when commitment was suspended under § 5010(a). The court in *Kitson* relied on 18 U.S.C. § 3651 which expressly authorizes payment of "a fine in one or several sums" as a condition of probation. And 18 U.S.C. § 5023 of the Act specifically provides that nothing in the Act shall be "construed in any wise to amend, repeal, or affect the provisions of [§ 3651 et seq.]."

Other similar reasons are equally persuasive. As the legislative history points out, United States Code Congressional Service, Vol. 2, 81st Congress 2d Session, 1950, p. 3981, et seq., the statute is based on the Borstal system in England in use for more than seventy years. The three cardinal principles which dominate that system are flexibility, individualization, and emphasis on the intangibles. Flexibility there is said to mean that a premium is placed on experimentation and originality. In *Dorszynski v. United States*, 418 U.S. 424, at p. 436, 94 S.Ct. 3042, at p. 3049, 41 L.Ed.2d 855 (1974), the court stated that "[t]he legislative history clearly indicates that the Act was meant to enlarge, not to restrict, the sentencing options of federal trial courts in order to permit them to sentence youth offenders for rehabilitation of a special sort," and on page 437, 94 S.Ct. on page 3049, it continued "[t]hus apart from the discretion vested in administrative agencies for treatment of those committed under the Act, . . . the Act was intended to broaden the scope of judicial sentencing discretion to include the alternatives of treatment or probation thereunder."

One principal difference in treatment is that for ordinary criminals confinement is in a penitentiary, while youth offenders are first classified and then confined for correctional treatment in a youth facility, segregated from other offenders. See § 5011. Another incidental benefit is that a youth offender upon release from confinement or probation may receive a certificate setting aside his conviction. See § 5021.

In view of the fact that we think Congress intended to increase the flexibility of the remedies a district judge might use in sentencing, that is to say it meant to increase the alternatives a district judge may resort to, we are of opinion that the denial of the power to impose a fine in connection with probation would not be consistent with congressional intent. It seems to us that taking away the power of the district courts to impose fines in connection with probation would decrease, rather than increase, the alternatives available to the district courts. The dissent in *Mollet* and *Kitson* agree with this reasoning.

We are not unmindful of the fact that the theme of the cases taking the opposite view is that fines are necessarily retributive punishment and are inconsistent with rehabilitative treatment.[3] Yet, by permitting district judges to impose fines in connection with probation as another degree of punishment rather than leaving the district judge the more circumscribed alternatives of probation or confinement, is the district court not placed in a better position to do substantial justice and to avoid the confinement of the youth offender in more cases than would otherwise be possible? We think it would.

The judgment of the district court is accordingly

*AFFIRMED.*

---

**3.** That a fine may in a sense be retributive, does not, we think, make it necessarily inconsistent with rehabilitation, especially as here when it enables a district judge to have a greater range of remedies at his disposal and may enable him in countless cases to dispose of the matter without confinement.