**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vicki Jean HIX, Defendant-Appellant.**

No. 76–2122.

United States Court of Appeals, Ninth Circuit.

Nov. 26, 1976.

J. Frank McCabe (argued), San Francisco, Cal., for defendant-appellant.

Robert D. Ward, Asst. U.S. Atty. (argued), San Francisco, Cal., for plaintiff-appellee.

Before BROWNING and SNEED, Circuit Judges, and RICHEY,* District Judge.

PER CURIAM:

Appellant pleaded guilty to aiding and abetting bank theft in violation of 18 U.S.C. §§ 2 and 2113. She was given a suspended sentence and three years' probation under the Federal Youth Corrections Act, 18 U.S.C. § 5010(a), with restitution as a condition of probation. She contends that restitution is not a permissible condition of probation under the Act.

This case is not controlled by *United States v. Bowens*, 514 F.2d 440 (9th Cir. 1975). *Bowens* involved a section 5010(a) probation conditioned upon payment of a fine and restitution. The fine alone invalidated the sentence; the legality of a restitution condition, standing alone, was not before the court.

*Bowens* and other decisions holding that a sentence under section 5010 may not include a fine rest upon the premise that the Act provides a sentencing alternative under which a youthful offender may be sentenced "to treatment rather than punishment under the applicable penalty provisions provided by law. A combination of rehabilitative treatment and retributive punishment is not intended and is improper." *United States v. Hayes*, 474 F.2d 965 (9th Cir. 1973). *See United States v. Mollett*, 510 F.2d 625, 626 (9th Cir. 1975); *contra, United States v. Oliver*, 546 F.2d 1096 (4th Cir. 1976).

Although a fine is inherently punitive, restitution is not. So long as repayment is made to the victim and does not exceed the damage caused by the offense, restitution is essentially rehabilitative, and hence consistent with the purpose of the Youth Corrections Act.

* Honorable Mary Anne Richey, United States District Judge, District of Arizona, sitting by designation.

Appellant argues that since she received none of the proceeds of the theft, restitution was in this instance punitive. The district court thought otherwise. As the court said, "the act of restitution has a profound psychological, as well as economic, impact on the defendant. And understandably so." The court's purpose was not to deprive appellant of the fruits of her unlawful conduct, but to afford appellant the therapeutic benefit that would flow from the act of compensating her victim for the loss she had caused. The amount involved was not so large as to make repayment unduly burdensome.

Affirmed.