**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Henry WARREN, Defendant-**
**Appellant.**

**No. 12300.**

United States Court of Appeals
Seventh Circuit.

Sept. 15, 1958.

Alvin A. Turner, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Charles R. Purcell, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before FINNEGAN, SCHNACKENBERG and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

The defendant was charged in a four count indictment with violation of the narcotic laws. Count One charged him with a sale of narcotics on June 6, 1957 in violation of Title 26 U.S.C.A. § 4705 (a); Count Two with a violation of Title 21 U.S.C.A. § 174 on the same date; Counts Three and Four alleged similar violations on July 31, 1957.

A bench trial was had and the court found the defendant guilty and pronounced a general sentence of five years imprisonment.

The defendant has appealed upon the sole ground that the trial court erred in admitting over his objection certain evidence offered by the Government. This evidence consisted of "what was taken from him by force in that he was subjected to ultra violet ray lights while handcuffed at his apartment and while under arrest by the federal police offi-

cers" on July 31, 1957. This testimony had nothing whatsoever to do with the offenses charged in Counts One and Two of the indictment and the defendant has in no manner challenged, on this appeal, the judgment of conviction on either of these two counts.

The penalty on conviction of a first offender for a violation of Title 26 U.S. C.A. § 4705(a), as charged in Count One, is a maximum of twenty years imprisonment and a $20,000 fine with a minimum of five years. The statute makes such minimum sentence mandatory and prohibits a suspension of the sentence, probation or parole.

The law is well settled that in federal courts a general sentence on a conviction under an indictment in several counts will be upheld if the penalty imposed does not exceed that prescribed for any one count, if that count be good and warrants the judgment and the evidence sufficiently sustains the conviction thereon. Claassen v. United States, 1891, 142 U.S. 140, 146–147, 12 S.Ct. 169, 35 L.Ed. 966; Abrams v. United States, 1919, 250 U.S. 616, 619, 40 S.Ct. 17, 63 L.Ed. 1173; Hirabayashi v. United States, 1943, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; United States v. Karavias, 7 Cir., 1948, 170 F.2d 968, 971; United States v. Cioffi, 2 Cir., 1958, 253 F.2d 494, 496.

The defendant does not question Count One of the indictment, the admissibility of any evidence in support thereof nor the sufficiency of the evidence to sustain a conviction thereunder. In fact the record discloses that Count One is good, that the material evidence introduced in support thereof was admitted without objection and is clearly sufficient to sustain the conviction thereon. Thus any consideration of the competency of the evidence concerning the events of July 31, 1957 is obviated.

Judgment affirmed.