**Clifford David PRICE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9528.**

United States Court of Appeals Tenth Circuit.

Nov. 1, 1967.

Robert L. Driscoll, of Morris, Laing, Evans & Brock, Wichita, Kan., for appellant.

James R. Ward, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was on the brief), for appellee.

Before PHILLIPS, JONES* and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

Price has appealed from a judgment and sentence imposed upon jury verdicts of guilty on each count of a three-count indictment. The first count charged the possession of a United States Treasury check, contained in mail matter, which had been stolen from an authorized depository for mail matter, knowing the same had been stolen; the second count charged the uttering and publishing as true, with intent to defraud the United States, of a United States Treasury check, knowing the endorsement thereon had been forged; and the third charged the possession of a Sedgwick

County, Kansas, warrant in mail matter, which had been stolen from an authorized depository for mail matter, knowing the same to have been stolen.

Price, at the time of his conviction, was 18 years of age, and was a youth offender, within the meaning of the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5024, 64 Stat. 1085.[1]

Section 5010(b) of the Act reads:

"If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017 (c) of this chapter; * * *."

Section 5017(c) of the Act reads:

"A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction."[2]

The sentencing court, desiring additional information as to whether Price would derive benefit from treatment provided for by the Act, acting pursuant to 18 U.S.C. § 5010(e), ordered Price committed to the custody of the Attorney General for observation and study at an appropriate classification center or agency and ordered the Youth Correction Division of the Board of Parole to report to the court its findings with respect to Price within 60 days from the date of such order. Such observation and study was made and the Division reported its findings to the sentencing court.

---

\* Of the Fifth Circuit, sitting by designation.

1. Hereinafter referred to as the Act.

2. Section 5010(c) of the Act provides for the sentencing of a youth offender for a longer period, under circumstances not here present.

**652**

The sentencing court, after receiving and examining such report, found that Price should be sentenced under the provisions of 18 U.S.C. § 5010(b) as a youth offender to the custody of the Attorney General or his authorized representative for treatment and supervision, pursuant to the provisions of the Act, until discharged by the Board of Parole as provided in 18 U.S.C. § 5017(c), and adjudged that Price be committed under 18 U.S.C. § 5010(b) to the custody of the Attorney General for treatment and supervision, until discharged by the Board of Parole.

Subsection (b) of § 5010, supra, when read in connection with subsection (c) of § 5017, supra, fixes the periods of custody and provides for the release under supervision on or before four years from the date of conviction and the unconditional discharge on or before six years from the date of conviction of a youth offender sentenced under the provisions of § 5010(b).

Counsel for Price contends that the evidence was insufficient to sustain the verdict of guilty on Count One and that the sentence was in part based on that count and should be set aside. He asserts no other ground of error. We assume, but do not decide, the evidence was not sufficient to support the verdict of guilty on Count One.

The evidence was fully sufficient to support the verdicts of guilty on Counts Two and Three, and, except for the possible insufficiency of the evidence to support the verdict of guilty on Count One, the proceedings were free from error. Counsel for Price does not contend otherwise.

█ █ It will be noted that one single sentence was imposed. We think that where a defendant is convicted on two or more counts of an indictment and is sentenced as a youth offender under § 5010 (b), supra, a single sentence should be imposed. Sections 5010(b) and 5017 (c), supra, as stated above, fix the periods of custody under a sentence imposed under § 5010(b) and a sentence on one count cannot be increased by the imposition of separate sentences on additional counts.

Cumulative or consecutive sentences on each of several counts would not fit into the design and purpose of the Act. That is true, because a sentence under the Act is for the purpose of affording a youth offender guidance, training and treatment designed to bring about his rehabilitation and enable him to take a place in society as a useful and law-abiding citizen. Two situations must be avoided: (1) Discharge from custody before an adequate time has elapsed to effect full rehabilitation; and (2) continued custody after rehabilitation has been fully attained.

The first would frustrate the purpose of the Act by discharge at a point when progress toward rehabilitation had been made, but complete rehabilitation had not yet been accomplished; and the second would be apt to discourage the youth offender and destroy much of the good that had been attained from guidance, training and treatment.

Hence, the elasticity provided with respect to the periods of custody and the discretion with respect to the times of discharge vested in the Board of Parole.

█ We hold that the sentence imposed under § 5010(b), supra, could not have been less, had it been imposed only on Counts Two and Three; that the same sentence could have been imposed validly on each of Counts Two and Three; that the verdict of guilty on Count One did not result in any greater sentence than would have been imposed on Counts Two and Three, had there been an acquittal on or dismissal of Count One, and that the verdict of guilty on Count One, even if erroneous, resulted in no legal prejudice to Price.

The situation is analogous to a case where a general sentence is imposed on verdicts of guilty on each of the counts of a multiple-count indictment and the conviction on one count is erroneous, but the general sentence is not in excess of the maximum sentence that could have been imposed on a conviction on another

count, or if there be more than one other count, on convictions on each of them, such conviction or convictions being invulnerable to attack. In such a case no legal prejudice results to the defendant.[3]

Accordingly, we affirm.

---

3. Barenblatt v. United States, 360 U.S. 109, 115, 79 S.Ct. 1081, 3 L.Ed.2d 1115; Pinkerton v. United States, 328 U.S. 640, 642, 66 S.Ct. 1180, 90 L.Ed. 1489; Claassen v. United States, 142 U.S. 140, 146–147, 12 S.Ct. 169, 35 L.Ed. 966; Hall v. United States, 5 Cir., 330 F.2d 558; United States v. Warren, 7 Cir., 259 F.2d 142, 143; Yielding v. United States, 5 Cir., 173 F.2d 46, 48; Myres v. United States, 8 Cir., 174 F.2d 329, 332; United States v. Mims, 7 Cir., 340 F.2d 851, 852; Isaacs v. United States, 8 Cir., 301 F.2d 706, 733.