Wally C. NAST, Appellant,

v.

UNITED STATES of America, Appellee.

No. 80–69.

United States Court of Appeals Tenth Circuit.

Aug. 13, 1969.

Ronald K. Griffith, Denver, Colo., for appellant.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., on the brief), for appellee.

Before FAHY, Senior Circuit Judge,* and SETH and HOLLOWAY, Circuit Judges.

FAHY, Senior Circuit Judge.

On his plea of guilty to a violation of the Dyer Act, 18 U.S.C. § 2312, judgment of conviction was entered against appellant by the United States District Court for the District of New Mexico. He was then committed to the custody of the Attorney General or his authorized representative "for treatment and supervision pursuant to 18 U.S.C. § 5010 (b) [the Federal Youth Corrections Act][1] until discharge by the Youth Correction Division of the Board of Parole as provided in 18 U.S.C § 5017 (c)." On February 15, 1968, he was transferred by a Deputy United States Marshal from Albuquerque to the Santa Fe City Jail, there to await ultimate

transfer to a youth corrections center. Appellant escaped from the Sante Fe City Jail on February 19, 1968. The present appeal is from his conviction of thus violating 18 U.S.C. § 751(a), referred to as the "Escape Act," which provides in part:

> (a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any * * * custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, * * * shall, if the custody or confinement is by virtue of * * * conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both;
> * * *

It is not questioned on this appeal that the escape was from custody by virtue of process issued under the laws of the United States by the federal court in which appellant had been convicted of the Dyer Act offense.

His sentence under Section 751(a) was imprisonment for one year, to run consecutively with the sentence under the Youth Corrections Act. The judgment of conviction contained an added provision that appellant would be eligible for parole under 18 U.S.C. § 4208(a) (2) "at such time as the Board of Parole may determine."[2]

■ The position of appellant is twofold, firstly that the consecutive sentence under the Escape Act is contrary to the Youth Corrections Act under which he was committed for the Dyer act conviction, and, correspondingly, that the Escape Act does not apply to a person committed under the Youth Corrections Act.

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

1. 18 U.S.C. § 5005 et seq.

2. * * * (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be-

come eligible for parole at such time as the board of parole may determine. 18 U.S.C. § 4208(a) (2).

At present, in the language of his brief in this court, appellant is "undergoing rehabilitation at the Federal Reformatory in El Reno, Oklahoma, pursuant to his commitment under the Federal Youth Corrections Act."

We cannot accept either contention. The consecutive sentence under the Escape Act is for a distinct offense [3] committed after the earlier commitment under the Youth Corrections Act. Neither is in statutory or constitutional conflict with the other. While the rehabilitative potential afforded by commitment to a youth corrections center might be lessened by a subsequently imposed consecutive sentence, this consequence stems from the subsequent offense under a statute which does not preclude a sentence to follow the commitment already in effect. The problem raised by appellant is for such legislative consideration as it might enlist, rather than one to be solved as appellant presses upon this court.

As we have pointed out, the judge in sentencing for the Escape Act conviction, obviously having rehabilitation in mind, provided for possible parole "at such time as the Board of Parole may determine." We cannot say that the arrangements as a whole are less conducive to rehabilitation than if the sentence had been concurrent with appellant's earlier commitment.

Moreover, the consecutive character of the sentence does not offend those provisions of the Youth Corrections Act which automatically set aside the conviction [4] of a committed youth offender upon his unconditional discharge prior to the expiration of the maximum sentence imposed; nor does it offend the provisions of the Act for his release and discharge; for in both instances the provisions apply only to a case under the Youth Corrections Act. They may not properly be construed to bar a sentence under a different Act [5] for another and subsequent offense, the situation now before us.[6]

Affirmed.

---

3. See Laws v. United States, 386 F.2d 816 (10th Cir.), cert. denied, 390 U.S. 1007, 88 S.Ct. 1252, 20 L.Ed.2d 107; Strickland v. United States, 339 F.2d 866 (10th Cir.).

4. 18 U.S.C. § 5021. See Tatum v. United States, 114 U.S.App.D.C. 49, 51, 310 F.2d 854, 856.

5. In Price v. United States, 384 F.2d 650 (10th Cir.), relied upon by appellant, it was said that consecutive sentences on each of several counts would not fit into the design of the Youth Corrections Act; but this was with respect to consecutive sentences under that Act itself; whereas in our case the consecutive sentence is for an entirely separate and subsequent offense.

6. United States v. Sprouse, 145 F.Supp. 292, 294 (N.D.Fla.), also relied upon by appellant, involved a juvenile delinquent under commitment to a federal correctional institution. It was held that a prosecution under the Escape Act for escaping from the institution could not be sustained. The court held that the Escape Act was applicable only to persons *"convicted of an offense* and serving time by reason of such conviction" and that a juvenile delinquent is not "convicted of an offense" or "serving time by reason of such conviction." See, to the contrary, United States v. Kinsman, 195 F.Supp. 271 (S.D.Calif.), and the present text of 18 U.S.C. § 751(b) which provides for imprisonment of a year and/or a fine of $1,000 for one who escapes from custody "by virtue of a commitment as a juvenile delinquent" under 18 U.S.C. § 5034.