**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clotilda Calderon ROJAS, Defendant-Appellant.**

**No. 71-2250.**

United States Court of Appeals, Ninth Circuit.

May 1, 1972.

* Honorable Joseph P. Kinneary, United States District Judge, Southern District of Ohio, sitting by designation.

Richard F. Ellers, Nevada City, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Chester L. Brown, Asst. U. S. Atty., Eric A. Nobles, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

Appellant was tried and convicted in the district court, sitting without a jury, for misapplication of bank funds (18 U.S.C. § 656).

Appellant contends that the evidence was insufficient, in that it "did not exclude every hypothesis but guilt." As this court held in Sablan v. Peo. of Guam, 434 F.2d 837, 839 (9th Cir. 1970), "[T]he proper test is not whether the evidence excludes every hypothesis except that of guilt, but rather, 'whether the [trier of fact] could reasonably arrive at [its] conclusion'." See United States v. Nelson, 419 F.2d 1237, 1243 (9th Cir. 1969). Although appellant's testimony conflicted with that of prosecution witnesses, there was substantial evidence to support a finding of guilt. It was for the trial judge, as finder of fact, to assess the weight and credibility of the witnesses' testimony. Rule 23,

F.R.Crim.P.; Fernandez-Delgado v. United States, 368 F.2d 34 (9th Cir. 1966).

Nor did the trial court err in admitting into evidence testimony concerning a damaging admission made by appellant. The admission was made to a bank official, not a law enforcement officer, and the trial court specifically found, after hearing the parties, that the statement was voluntary.

Lastly, appellant argues that her admission was not corroborated. She is mistaken.

The judgment is affirmed.