**Spencer Lee RODDY,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 74–1250.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 11, 1974.

Decided Feb. 3, 1975.

Winston Roberts-Hohl, Asst. Federal Public Defender, Albuquerque, N. M., for petitioner-appellant.

Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., on the brief), for respondent-appellee.

Before MURRAH, HILL and HOLLOWAY, Circuit Judges.

MURRAH, Circuit Judge.

Appellant Roddy was convicted on pleas of guilty for participation in two bank robberies—the first in New Mexico, the latter in Arizona. He was first convicted and sentenced in Arizona for the latter offense and received an indeterminate sentence under § 5010(b) of the Youth Corrections Act of 1950, 18 U.S.C. § 5005 et seq. Since he was over twenty-two years old, the court was required to and did affirmatively find that Youth Act treatment would be beneficial under 18 U.S.C. § 4209.[1] At the time of sentencing, the Arizona judge was aware that Roddy was a prime suspect for the New Mexico robbery and apparently had been formally charged. Roddy was subsequently convicted and sentenced for the earlier New Mexico robbery and, under 18 U.S.C. §§ 371, 2113, 4202, received an adult sentence of five years to run consecutively to the Arizona indeterminate sentence. At the time of sentencing, the New Mexico court's pre-sentence report included the pre-sentence report submitted in Arizona as well as the Arizona sentence. The court denied a request for a sentence concurrent with the Arizona sentence, giving as its reason "the fact [that] . . . people's lives . . . were seriously endangered" by the New Mexico robbery. Roddy appeals from the denial of a § 2255 petition in the District of New Mexico to modify the New Mexico adult sentence to conform to the Arizona youth sentence. The sole question under these admitted facts is whether, by force of the Youth Act and the respect one court owes the judgment of another, the New Mexico court was required to honor the Arizona indeterminate Youth Act sentence. We think not.

 We know, of course, that a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review. Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). United States v. Mackay, 491 F.2d 616, 624 (10th Cir. 1973). It is also settled law that the sentencing court may cause sentences imposed on separate counts in the same or separate indictments to run concurrently or consecutively, if so specified in the sentencing judgment. The New Mexico sentence satisfies those requirements. But it is strenuously argued that the consecutive New Mexico sentence should not be allowed to stand, because it frustrates the rehabilitative purposes of the Youth Act and the Arizona sentence thereunder. The precise question is unique and of first impression.

 In Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), the Chief Justice comprehensively reviewed the history and purposes of the Youth Act. He finally concluded that "the Act was intended to preserve unfettered the sentencing discretion of federal district judges"; that, to accomplish rehabilitation of youth offenders, the Act gave federal judges "new alternatives to add to the array of sentencing options previously available to them"; and that the only limitation on such sentencing discretion was the requirement of finding "no benefit" under the Act

---

1. The Youth Act applies to a "youth offender," defined as one "under the age of twenty-two years at the time of conviction." 18 U.S.C. § 5006(e). For a convicted defendant over twenty-two but not yet twenty-six years of age, the court can sentence under the Youth Act if it believes the defendant will "benefit from the treatment provided under [the Act]." 18 U.S.C. § 4209.

before sentencing a person under the age of twenty-two years to an adult sentence. Id. at 433, 94 S.Ct. at 3048. The "no benefit" requirement does not control our case because Roddy was over twenty-two years of age, and an adult sentence was therefore mandatory in the absence of an explicit finding of "benefit" under § 4209. Thus, there is nothing in the text or the legislative history of the Act which can be construed to require a sentencing court to give a youth sentence or to honor and give effect to a previously imposed indeterminate youth sentence. The Youth Act does not make a sentence thereunder pre-emptive.

 Nor can any such pre-emption be implied or compelled by comity between federal courts. Res judicata and estoppel are surely inapplicable because the two courts were dealing with entirely different subject matters.

Roddy cites and relies upon Price v. United States, 384 F.2d 650 (10th Cir. 1967), where this court upheld the youth sentence given on a multi-count indictment, even though the evidence was insufficient as to one count, because only one youth sentence can be imposed for all the offenses joined in one indictment. Judge Phillips, one of the sponsors of the Youth Act, speaking for the court, pointed out that continued custody after complete rehabilitation would "destroy much of the good that had been attained from guidance, training and treatment [under the Act]," and that "Cumulative or consecutive sentences on each of several counts would not fit into the design and purpose of the Act." Id. at 652. Although in our case, the youth sentence and the consecutive adult sentence were given for separate convictions before separate courts, their conjunction has the same deleterious effect on the rehabilitative design of the Act.

Even so, in Nast v. United States, 415 F.2d 338 (10th Cir. 1969), we upheld a consecutive adult sentence imposed for an escape made after imposition of a youth sentence for robbery. We concluded that "neither [sentence] is in stat-utory or constitutional conflict with the other" and that a youth sentence given for one offense "may not properly be construed to bar a sentence under a different Act for another and subsequent offense." Id. at 340. The same reasoning applies here, whether the adult sentence was given for an offense committed before or after the offense for which the prior youth sentence was given.

As observed in Nast, "the problem raised by appellant is for such legislative consideration as it might enlist, rather than one to be solved as appellant presses upon this court." Id. at 340. And see also ABA Project on Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures § 3.5 (Approved Draft 1968).

The judgment is affirmed.