UNITED STATES of America, Plaintiff-Appellee,

v.

Joseph Christopher ORTIZ, Defendant-Appellant.

No. 74–2900.

United States Court of Appeals, Ninth Circuit.

March 21, 1975.

M. L. Cheryl Rhodes, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., William A. Bower, Asst. U. S. Atty., for

## OPINION

Before ELY and HUFSTEDLER, Circuit Judges, and CONTI,* District Judge.

PER CURIAM:

After a jury trial, Ortiz was convicted on one count of an indictment charging a conspiracy to possess marijuana with intent to distribute, a violation of 21 U.S.C. § 846, and on a second count charging the substantive offense of possessing the same marijuana with intent to distribute, a violation of 21 U.S.C. § 841(a). On the conspiracy conviction, the District Court committed Ortiz, who was twenty-one years of age at the time of his convictions, to the custody of the Attorney General for treatment pursuant to the Youth Corrections Act, 18 U.S.C. § 5010(b). On the substantive count, however, the District Court treated Ortiz as an adult, sentencing him to five years confinement, with the sentence suspended and Ortiz placed on probation for five years, said sentence to be served consecutively to Ortiz's commitment under the Youth Corrections Act.

On this appeal, Ortiz originally made three contentions: (1) that the District Court erred in reversing its original order suppressing the incriminating contraband, (2) that the search disclosing the contraband was illegal, and (3) that the evidence presented at trial was insufficient to support the two convictions.

After careful study, we have concluded that none of the three contentions has merit; consequently, we affirm the judgment of convictions on both counts.

Acting *sua sponte,* however, this Court has raised the question whether the District Court erred in imposing an adult sentence to be served consecutively to Ortiz's commitment pursuant to the Youth Corrections Act. We have requested and received additional written briefs directed to this issue.[1]

When the District Judge sentenced Ortiz under the provisions of the Youth Corrections Act, he undeniably found, by implication, that Ortiz would derive benefit from the rehabilitative treatment contemplated and provided by that Act. Having so found, it was inconsistent for the judge to treat Ortiz as an adult for the purpose of sentencing on the substantive conviction and to impose the additional five year consecutive sentence. *See* United States v. Mollet, 510 F.2d 625, 626 (9th Cir. 1975); Cramer v. Wise, 501 F.2d 959 (5th Cir. 1974); United States v. Hayes, 474 F.2d 965 (9th Cir. 1973); United States v. Waters, 141 U.S.App.D.C. 289, 437 F.2d 722 (1970); Price v. United States, 384 F.2d 650, 652 (10th Cir. 1967); *cf.* Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).

We therefore vacate that portion of the District Court's judgment that imposes upon Ortiz the consecutive sentence for the substantive offense. In all other respects, the judgment of the District Court is affirmed.

Affirmed in part; vacated in part.

---

* The Honorable Samuel Conti, United States District Judge, Northern District of California, sitting by designation.

1. The Order calling for additional briefs was filed on February 6, 1975, and the submission of this appeal for decision was thereupon deferred. Upon the receipt and filing of the supplemental briefs, the appeal became ripe for decision. Accordingly, the Court hereby orders the submission of the appeal.