Gregory X. ROYSTER, Appellant,

v.

UNITED STATES, Appellee.

No. 10324.

District of Columbia Court of Appeals.

Argued June 9, 1976.

Decided July 20, 1976.

Surell Brady with whom Frederick H. Weisberg, Washington, D.C., appointed by this court, and Kirby S. Howlett, Washington, D.C., were on the briefs, for appellant.

Douglas J. Behr, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and William D. Pease, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, KERN and MACK, Associate Judges.

PER CURIAM:

Appellant was convicted on a plea of guilty to attempted robbery and committed to the custody of the Attorney General for observation and study in accordance with the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5010(e) (1970). Thereafter he was sentenced as a youth offender pursuant to 18 U.S.C. § 5010(b), and the sentencing judge specifically directed in his order that appellant's FYCA sentence be served consecutive to any term he was presently serving. At the time of sentencing appellant was serving a sentence for a conviction in an unrelated case which was likewise imposed under 18 U.S. C. § 5010(b). Alleging that consecutive sentences under the FYCA were· illegal,

appellant moved the court pursuant to Super.Ct.Cr.R. 35(a)[1] to amend the sentencing order to provide for concurrent rather than consecutive sentences. The motion was denied.

Appellant bases his contention that his sentence is illegal upon the plain language of two sections of the FYCA, 18 U.S.C. § 5010(b), which provides:

> If the court shall find that a convicted person is a youth offender . . . the court may . . . sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharge by the Division as provided in section 5017(c) of this chapter . . . .

and 18 U.S.C. § 5017(c), which provides:

> A youth offender committed under section 5010(b) of this chapter *shall* be released conditionally under supervision on or before the expiration of four years *from the date of his conviction* and *shall* be discharged unconditionally on or before six years *from the date of his conviction*. [Emphasis added.]

Appellant argues that if his sentence for attempted robbery begins after his release from custody on his earlier FYCA sentence, he would be subject to custody beyond the respective four and six year limits provided for in 18 U.S.C. § 5017(c), which subsection clearly dictates that appellant's term shall be computed from the date of his date of conviction. Conversely, the government contends that on its face the FYCA does not prohibit consecutive sentences and since appellant could be released before serving any portion of his sentence which may be illegal his appeal is premature.

We conclude that the imposition of consecutive FYCA sentences is tantamount to amending the statute because it permits the release date of a youth offender to be computed from the termination of a prior FYCA sentence and not, as statutorily required, "from the date of [appellant's] conviction."[2] A plain reading of the FYCA requires the rejection of the contention that the statute does not prohibit consecutive sentences. We likewise reject as specious the government's contention that this appeal is premature. *See* Super.Ct.Cr.R. 35, *supra* note 1.

The case is remanded to the trial court with directions that appellant's sentence in this case be corrected to provide that it be served concurrently to any other sentence now being served.

*So ordered.*

1. Super.Ct.Cr.R. 35(a) provides in pertinent part:
   The court may correct an illegal sentence at any time . . . .

2. In *Price v. United States*, 384 F.2d 650, 652 (10th Cir. 1967), it was stated that "[c]umulative or consecutive sentences on each of several counts would not fit into the design and purpose of the [Federal Youth Corrections] Act." *See also United States v. Ortiz*, 513 F.2d 198 (9th Cir. 1975), which vacated an adult sentence that was to be served consecutive to an FYCA sentence. Both sentences were imposed upon conviction of two separate counts arising out of the same criminal transaction. The court ruled that such sentences were inconsistent.