William BROWN, aka Charles Williams, aka "Fast", Appellant,

v.

UNITED STATES of America, Appellee.

No. 75–2291.

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 4, 1976.

Decided Jan. 21, 1977.

---

William Brown, pro se.

Hunter W. Sims, Jr., Asst. U. S. Atty., Norfolk, Va., for appellee.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM.

■ Petitioner alleges in this § 2255 action that the trial court abused its discretion in sentencing him to 20 years for bank robbery in that the court failed to consider the applicability of the Young Adult Offenders Act, 18 U.S.C. § 4209, and that he failed to make an express finding of no benefit under the Act. The district court denied relief on the grounds that no express finding is required when sentencing a young adult offender. We agree. However, in *United States v. Noland*, 510 F.2d 1093 (4th Cir. 1975), we held with respect to a similar contention that sentencing under the provisions of the Young Adult Offenders Act is within the discretion of the district judge and that our review of such a sentencing decision is limited to ascertaining "whether there has indeed been an exercise of discretion." We noted in *Noland* that the district judge had specifically considered the provisions of the Act and had thus exercised discretion in the sentencing process and accordingly affirmed the judgment of conviction and sentence.

■ Here the record does not disclose whether the district court considered sentencing under the Young Adult Offenders Act. For that reason we remand, without vacating the sentence, with instructions to the district judge to put on the record whether or not he considered sentencing the appellant under the Young Adult Offenders Act. In requiring clarification of the record, we impose no duty upon the district court to give reasons or otherwise state whether the defendant would have benefitted from treatment under the Young Adult Offenders Act. It will suffice if the record, as amended on remand, simply shows that the sentencing judge was aware of and considered the alternate sentencing procedures of the Young Adult Offenders Act. If he did not consider the sentencing alternative, the district court should, of course, vacate the sentence and cause the defendant to be brought before the court for resentencing.

*REMANDED.*