FARRIES, Keith X., Appellant,

v.

UNITED STATES of America.

No. 77–1511.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 13, 1978.

Decided Jan. 25, 1978.

Shahid Muhammed Faris (Keith X. Farries), pro se.

Dennis Cunningham, Chicago, Ill., for appellant.

S. John Cottone, U. S. Atty., Scranton, Pa., Joseph F. Cimini, Asst. U. S. Atty., Lewisburg, Pa., for appellee.

Before ALDISERT and HUNTER, Circuit Judges, and CAHN, District Judge.*

* Honorable Edward N. Cahn, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. Appellant has raised several other claims, to-wit:
   (1) that the special prosecutors of the Justice Department lacked authority because they were not appointed in accordance with approved procedures;

OPINION OF THE COURT

PER CURIAM.

The rule of *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), requires that district courts make findings of no benefit from sentencing under the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.,* before a *youthful offender* can be denied such treatment. This appeal presents the question whether a *young adult offender* is entitled to the same explicit determination of no benefit. The district court held that appellant was not entitled to a mandatory determination. We affirm for the reasons set forth in opinions from the Second, Fourth, Fifth, Eighth, and Tenth Circuits.

■ Imprisoned on prior bank robbery charges, appellant was convicted by a jury on charges of mutiny and riot, and assault of federal officers, arising out of his role in a 1970 violent disturbance at the United States Penitentiary at Lewisburg, Pennsylvania. In 1971, consecutive sentences totaling 26 years imprisonment were imposed. Farries appeals the district court's denial of his motion to vacate sentence, brought pursuant to 28 U.S.C. § 2255. He raises the question whether a defendant who is between the ages of twenty-two and twenty-six at the time of conviction is entitled, under the federal Young Adult Offender provision, 18 U.S.C. § 4216, to a district court determination that he would derive no benefit from sentencing under the Youthful Offender provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.,* before he can be denied such treatment.[1]

At the time of his conviction, Farries had passed his twenty-third birthday. Thus, he

(2) that his consecutive sentences were improper because the charges of assault should have merged with the charge of mutiny and riot; and
(3) that his sentence was excessive, imposed in retaliation for assertion of his right to a trial by jury.
We believe that these issues were properly considered and decided in the opinion of The Honorable Malcolm Muir, No. 76–936 (M.D.Pa. Sept. 30, 1976).

was a young adult offender; he was not a youthful offender. The district court did not make a specific finding prior to imposing sentence that Farries would derive no benefit from treatment under the Federal Youth Corrections Act. In his opinion denying relief under § 2255, the sentencing judge stated: "It may also be noted that Farries was serving a very substantial sentence in a maximum security institution at the time of the mutiny and was clearly not a candidate for a youth correction center." (Slip Opinion 4–5).

The Federal Youth Corrections Act allows the imposition of standard adult sentences "[i]f a court shall find that the youth offender will not derive benefit from treatment" under the Act, 18 U.S.C. § 5010(d). In dissimilar language, the Young Adult Offender provision states that treatment under the Act *may* be provided "if . . . the court finds that there are reasonable grounds to believe the defendant will benefit from treatment provided under the [Act]." 18 U.S.C. § 4216. Thus, such treatment of a defendant under the age of 22 is the norm, from which the court can deviate upon a finding that a particular defendant will not benefit from it. In contrast, such treatment only becomes available to a defendant between the ages of twenty-two and twenty-six upon an affirmative finding by the district court that he will benefit from it. This distinction had led to the judicial view that a finding of no benefit is required when an under twenty-two defendant is denied sentencing under the Act, *Dorszynski, supra,* but is not required when a young adult offender is denied such treatment. Indeed, the Young Adult Offender provision has been uniformly interpreted not to impose an obligation upon a sentencing court to make a specific finding of no benefit. *United States v. Negron,* 548 F.2d 1085 (2d Cir.), *cert. denied,* 433 U.S. 912, 97 S.Ct. 2981, 53 L.Ed.2d 1096 (1977); *Brown v. United States,* 547 F.2d 821 (4th Cir. 1977) (per curiam); *Brown v. United States,* 551 F.2d 619 (5th Cir. 1977) (per curiam); *United States v. Garrison,* 527 F.2d 998, 1000 (8th Cir. 1975) (per curiam); *Roddy v. United States,* 509 F.2d 1145, 1147 (10th Cir. 1975). *See also United States v. McDonald,* 156 U.S.App.D.C. 338, 341, 481 F.2d 513, 515 (1973).

■ We adopt the view of these courts and hold that the federal Young Adult Offender provision does not impose an affirmative obligation on a sentencing court to make a specific finding that a defendant will derive no benefit from sentencing under the Federal Youth Corrections Act before application of the Act can be denied. However, mindful of the special concern for youthful defendants expressed by Congress in the adoption of the Act, we are confident that sentencing judges will continue to give due consideration to the eligibility of individual defendants between the ages of twenty-two and twenty-six. Our decision not to require specific findings of no benefit does nothing to abrogate the clear import of the statutory language, that some evaluation of the appropriateness of applying the Act's provisions to a Young Adult Offender be made. "Sentencing under the provisions of the [Young Adult Offender] Act is within the discretion of the District Judge, depending on whether, in his opinion, the defendant would benefit from treatment under the Youth Corrections Act, 18 U.S.C. § 5005 et seq. Our review of this sentencing decision is limited to ascertaining 'whether there has indeed been an exercise of discretion'." *United States v. Noland,* 510 F.2d 1093, 1094 (4th Cir. 1975) (per curiam). We have determined here that the sentencing judge did exercise discretion.

The judgment of the district court will be affirmed.