**UNITED STATES of America, Appellee,**

**v.**

**Ernesto MAGDALENO–AGUIRRE,**
**Appellant.**

**No. 78–1942.**

United States Court of Appeals,
Ninth Circuit.

Feb. 8, 1979.

William F. Woods, Asst. U.S. Atty. (argued), Phoenix, Ariz., for appellee.

David M. Ochoa, Asst. Public Defender, Phoenix, Ariz., for appellant.

Before ANDERSON and HUG, Circuit Judges, and REAL,* District Judge.

REAL, District Judge.

Magadaleno-Aguirre appeals his conviction for transporting an illegal alien in vio-

* Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.

lation of 8 U.S.C. § 1324(a)(2) [Ct II]. He was also convicted of illegal entry in violation of 8 U.S.C. § 1325 [Ct III] from which he does not appeal.

Magadaleno-Aguirre's claim on this appeal is that the Government did not prove two essential elements of the crime charged i. e., that Mario Quintero-Rios was in fact an illegal alien and that Magadaleno-Aguirre knew Quintero-Rios was an illegal alien.

Magadaleno-Aguirre also claims that although he was sentenced concurrently upon both Counts II and III to an indeterminate sentence pursuant to Title 18 U.S.C. § 5010(b) and § 5017(c) [Youth Corrections Act] the concurrent sentence doctrine should not deprive him of review of his felony conviction.

Since this Circuit has not yet addressed the precise situation presented by this appeal in its application of the concurrent sentence doctrine we consider that matter first.

Magdaleno-Aguirre was convicted of violating 8 U.S.C. § 1324(a)(2), a felony and 8 U.S.C. § 1325, a misdemeanor. He was sentenced under the Youth Corrections Act to an indeterminate sentence for both violations.

The Youth Corrections Act requires a consistent sentence to be imposed on multiple counts of a single indictment. *United States v. Ortiz,* 513 F.2d 198 (9th Cir. 1975), cert. denied 423 U.S. 1073, 96 S.Ct. 78, 46 L.Ed.2d 64 (1975); *Price v. United States,* 384 F.2d 650 (10th Cir. 1967). A misdemeanor conviction pursuant to grand jury indictment may also be subject to a sentence under 5010(b) of the Youth Corrections Act. *Eller v. United States,* 327 F.2d 639 (9th Cir. 1964).

From *Eller* (supra), *Price* (supra) and *Ortiz* (supra) the Government argues that since the same sentence could have been imposed on the misdemeanor count alone any infirmity in the felony count should not be considered by this Court under the concurrent sentence doctrine. So simple an argument has great appeal but cannot be accepted with the same simplicity with which it is made.

A reversal of Magadaleno-Aguirre's felony conviction would leave his record in a much different situation. What the future might mean to a young man with and without a felony conviction no one can predict. What is certain is that the criminal record of an individual does affect his future life. Felonies count more than misdemeanors in the real world.

The Fourth Circuit considered just such a situation in *United States v. Horning,* 409 F.2d 424 (4th Cir. 1969) refusing to apply the concurrent sentence doctrine in this language.

"The difference between the two [misdemeanor and felony] is important to the defendant, for it affects more than the sentence; the potential future consequences to a young defendant stemming from a conviction for a felony are too serious to be ignored." id. at 426.

We, like the Fourth Circuit, choose not to ignore the difference. We eschew the concurrent sentence doctrine upon the facts presented on this appeal.

Our rejection of the concurrent doctrine will give little comfort to Magadaleno-Aguirre. We find the evidence sufficient to support the conviction on Count II. See *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Rojas,* 458 F.2d 1355 (9th Cir. 1972); *United States v. Coplen,* 541 F.2d 211 (9th Cir. 1976) cert. denied 429 U.S. 1073, 97 S.Ct. 810, 50 L.Ed.2d 791 (1977); *United States v. Dunn,* 564 F.2d 348 (9th Cir. 1977).

The judgment is affirmed.