**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bennett LYONS, Defendant-Appellant.**

**No. 78–3416.**

United States Court of Appeals,
Ninth Circuit.

Dec. 26, 1979.

Frederic F. Kay, Asst. Federal Public Defender, Tucson, Ariz., for defendant-appellant.

James E. Mueller, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before KILKENNY and WALLACE, Circuit Judges.*

* The Honorable James M. Carter, a member of the panel that heard arguments in this cause on Tuesday, November 15, 1979, died on November 18, 1979. He participated in the panel

KILKENNY, Circuit Judge:

This is an appeal from an order of the district court denying appellant's motion to correct a sentence imposed upon him by reason of conviction under the provisions of 18 U.S.C. § 751, escape from the custody of The Attorney General after being lawfully convicted of the crime of manslaughter.

## FACTS

Appellant, then a 19-year old male, was convicted of the crime of involuntary manslaughter on October 21, 1974. He was sentenced by the district court, pursuant to the provisions of 18 U.S.C. § 5010(b) and § 5017(c) of the Federal Youth Corrections Act [YCA], with the recommendation that he be released on probation prior to the expiration of three years.

While in federal custody under the first sentence, appellant failed to return to a federal prison camp from a furlough which expired on September 14, 1977. He remained at large until he was apprehended in April, 1978. Later he was indicted under the provisions of 18 U.S.C. § 751 for escape from federal custody.

Appellant, then 23 years old, entered a plea of guilty to the escape charge and on June 22, 1978, was sentenced as an adult to the custody of The Attorney General for imprisonment for a term of two years, the term to run consecutively with his previous conviction and sentence for the crime of manslaughter. The court denied appellant's motion for correction of his sentence under the escape conviction on the ground that it should run concurrently with, rather than consecutively to, his YCA term.

## ISSUE

Did the district court properly sentence appellant as an adult under the escape con-

conference following the argument and agreed to an affirmance of the judgment of the district court.

viction and order that sentence to run consecutively with his prior YCA sentence?

### DISCUSSION

The precise question has not been decided in this circuit. In *United States v. Ortiz*, 513 F.2d 198 (CA9 1975), *cert. denied* 423 U.S. 843, 96 S.Ct. 78, 46 L.Ed.2d 64, the court vacated an adult sentence imposed on a substantive count of an indictment which also charged a youth with a companion conspiracy count on the same criminal transaction. There, the court reasoned that when the district judge sentenced Ortiz under the provisions of the YCA, he undoubtedly found, by implication, that Ortiz would derive benefit from the rehabilitative treatment contemplated and provided by the Act. Having so found, the court held it was inconsistent for the trial judge to treat the youth as an adult and imposed the additional five year consecutive sentence on the substantive count.

Here, as distinguished from *Ortiz*, the conviction under the escape statute was a crime committed entirely separate and distinct from the manslaughter conviction and sentence under the YCA. Here, there is no reason to believe the escape sentence will not have an even more rehabilitative effect than the YCA sentence.

Moreover, the sentences in *Ortiz* were imposed at the same time, while the sentences before us were imposed at different times and in connection with entirely separate and distinct crimes. Here, the appellant was a 19-year old youth at the time he received his YCA sentence. He was a 23-year old adult when he received his escape sentence on June 22, 1978. Appellant's reliance upon *Ortiz* is entirely misplaced.

Neither is *United States v. Magdaleno-Aguirre*, 590 F.2d 814 (CA9 1979), of any assistance to appellant. There, the defendant was convicted of illegal entry and of transporting an illegal alien into the United States. The charges grew out of the same transaction and although the crimes charged were separate and distinct, they were charged in the same indictment. Citing *Ortiz*, the court held that the YCA required sentences to be imposed on *multiple counts of a single indictment*. Needless to say, that situation does not here exist. For that matter, the ultimate decision in *Magdaleno-Aguirre* supports the government's position, rather than the appellant's.

Much more in point is *Nast v. United States*, 415 F.2d 338 (CA10 1969), where on a plea of guilty to a violation of the Dyer Act, 18 U.S.C. § 2312, a judgment of conviction was entered against the appellant who was then committed to the custody of The Attorney General for treatment and supervision pursuant to the federal YCA. While being transferred by the Marshal from one facility to another, Nast escaped. He was convicted for violating the Escape Act. On appeal, he contended: (1) that the consecutive sentence under the Escape Act was contrary to the YCA under which he was committed for the Dyer Act conviction, and (2) that the Escape Act does not apply to a person committed under the YCA. The Tenth Circuit rejected both contentions saying: (1) that there is no statutory or constitutional conflict between the Escape Act and the YCA, and (2) "While the rehabilitative potential afforded by a commitment to a youth corrections center might be lessened by a subsequently imposed consecutive sentence, this consequence stems from the subsequent offense under a statute which does not preclude a sentence to follow the commitment already in effect." *Nast* at 340. The court then goes on to point out that a judge in sentencing for the escape conviction obviously had rehabilitation in mind.

We quote from *Nast*:

"Moreover, the consecutive character of the sentence does not offend those provisions of the Youth Corrections Act which automatically set aside the conviction of a

committed youth offender upon his unconditional discharge prior to the expiration of the maximum sentence imposed; nor does it offend the provisions of the Act for his release and discharge; for in both instances the provisions apply only to a case under the Youth Corrections Act. *They may not properly be construed to bar a sentence under a different Act for another and subsequent offense, the situation now before us."* [*Nast, supra*, at 340.] [Footnotes omitted.] [Emphasis supplied.]

Other authorities cited by appellant have received our attention. A discussion of those cases would add nothing to the validity of our conclusion.

## CONCLUSION

In line with the above authorities, we conclude that the YCA does not prohibit a consecutive adult sentence imposed for a separate offense committed after the imposition of a sentence under the Act.

JUDGMENT AFFIRMED.