**UNITED STATES of America**

v.

**Frankie Louise WILLIAMS.**

**No. CR 3–76–170–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 5, 1983.

James Jacks, Asst. U.S. Atty., Dallas, Tex., for plaintiff.

James H. Holmes, III, Burford & Ryburn, Douglas P. Ray, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

ROBERT M. HILL, District Judge.

Came on for consideration before the Court the motion of defendant Frankie Louise Williams (Williams) to modify sentence and to vacate probation. Williams pleaded guilty to two counts of a four count indictment for the offense of possession of United States Treasury Checks with knowledge that the checks had been stolen from the mail, in violation of 18 U.S.C. § 1708. Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, Williams now moves the Court to vacate the portion of her sentence which imposed a period of two years probation consecutive to a commitment to the custody of the Attorney General for an indeterminate period of time as provided for in Section 5010(b) of the Federal Youth Corrections Act (the Act), 18 U.S.C. § 5005 *et seq.* Having considered the parties' arguments in light of the applicable law the Court is of the opinion that defendant's motion should be granted and that all proceedings pursuant to a motion to revoke probation under that sentence be immediately suspended and that Williams be released from any further incarceration pursuant to the conviction in this case.

On July 16, 1976, Williams pleaded guilty to Counts 1 and 3 of the four count indictment for knowing possession of stolen treasury checks. Counts 2 and 4 were dismissed upon the government's motion. At the time the Court found Williams to be 25 years of age and suitable for handling under the Act. *See* 18 U.S.C. § 4216.[1] Williams' sentence on Counts 1 and 3 was suspended and she was placed on probation for four years, such periods of probation to run concurrently. *See* 18 U.S.C. § 5010(a).[2]

On October 7, 1976, the Court revoked the probation on each count, having determined that Williams had violated certain terms of the probation. Having found Williams suitable for handling under the Act the Court committed Williams on Count 1 to the custody of the Attorney General for treatment and supervision pursuant to section 5010(b) of the Act until discharged by the Federal Youth Correction Division of the Board of Parole, as provided in section 5017(c) of the Act.[3] On Count 3 the Court placed Williams on probation for a period of two years to run consecutive to the term of imprisonment imposed on Count 1. Following her incarceration under the sen-

---

1. 18 U.S.C. § 4216 provides:

    In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there are reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C., chap. 402) sentence may be imposed pursuant to the provisions of such Act.

2. 18 U.S.C. § 5010(a) provides:

    If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.

3. Section 5010(b) of the Act provides:

    If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Commission as provided in section 5017(c) of this chapter; ...

    Section 5017(c) of the Act provides:

    A youth offender committed under section 5010(b) of this chapter shall be released unconditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

tence imposed on Count 1 Williams successfully completed the period of supervision on the remainder of that sentence and was released from her parole on July 15, 1982. The following day Williams began serving the consecutive two year term of probation on Count 3. On July 12, 1983, the government again sought to revoke Williams' probation and to impose a custodial sentence on Count 3. It is in response to the government's motion that the Court now acts.

It is Williams' position that when a defendant is charged with several counts under one indictment and the Court sentences the defendant pursuant to sections 5010(b) and 5017(c) of the Act, the Court is neither authorized nor has jurisdiction to impose any additional consecutive sentence of probation, imprisonment, or fine on any of the separate counts of the indictment. Williams argues for a close reading of the provisions of the Act such that section 5017(c) would limit the period of custody for a sentence imposed under section 5010(b) for all counts in an indictment and would require an unconditional release of a youthful offender upon completion of the period. Probation to be served under a consecutive sentence would necessarily, under Williams' argument, amount to a prohibited condition. The government points out that consecutive sentencing is not specifically prohibited by the Act. Instead, the government argues that consecutive sentencing would serve the purpose of the Act by giving judges additional methods of sentencing, thereby aiding the process of tailoring rehabilitative programs to individuals.

The Act was designed to provide youthful offenders with correctional treatment through rehabilitation rather than retributive punishment.[4] *Cunningham v. United States,* 256 F.2d 467, 471 (5th Cir.1958). The treatment was meant to consist of "corrective and preventative guidance and training designed to protect the public by correcting [their] antisocial tendencies."

18 U.S.C. § 5006(g). The issue presented to this Court is whether it is within the proper discretion of a judge to sentence a defendant to incarceration on one count of an indictment, while suspending imposition of a sentence on another count of the indictment and placing the defendant on a consecutive term of probation. The Court must make its determination in light of the plain language of the statute and the clear purpose of the Act.

A conflict exists among the circuits as to whether the statutory scheme permits consecutive sentences on separate counts of an indictment. The Second Circuit in *United States v. Calder,* 641 F.2d 76 (2nd Cir. 1981), *cert. denied,* 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 302 (1981), where the defendant was sentenced as a youth offender, found the imposition on one count of a fine and seven years in the custody of the Attorney General and the imposition of probation on two other counts, such sentences to be served consecutively, to be a "proper exercise of the 'flexibility' [allowed a district judge]..." *Id.* at 79. Referring to the express language of section 5010(c), to the effect that commitment is "in lieu of the penalty of imprisonment otherwise provided by law," the Court reasoned that the suspension of imposition of sentence and imposing of probation is not a "sentence" "in the strict sense of the word." *Id.* The Court, therefore, concluded that probation under these circumstances would not conflict with the language or purpose of the Act.

The other circuits which have ruled on this issue have taken a contrary position to that stated in *Calder.* In *United States v. Oritz,* 513 F.2d 198 (9th Cir.1975), *cert. denied,* 423 U.S. 843, 96 S.Ct. 78, 46 L.Ed.2d 64 (1975), the Ninth Circuit held that it was inconsistent for the sentencing judge to commit the defendant to the Attorney General pursuant to section 5010(b) on a count for conspiracy to possess marijuana and then to impose an additional five year consecutive sentence on a second

---

**4.** For a complete analysis of the history and objectives of the Act, see *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).

count charging possession of the same marijuana. This position was again advanced in *United States v. Hayes,* 474 F.2d 965 (9th Cir.1973). In *Hayes* the court affirmed the defendants' sentences imposed pursuant to section 5010(b), but vacated fines levied on defendants as a result of convictions for possession of marijuana with the intent to distribute. The Court specified that section 5010 of the Act provides three choices for the sentencing of a youth offender: (1) probation (§ 5010(a)), (2) sentencing him to custody of the Attorney General for treatment and supervision (§§ 5010(b), (c)), or (3) sentencing him as an adult (§ 5010(d)). *Id.* at 967. These options are viewed as mutually exclusive:

> There is certainly nothing to indicate that the judge may select any combination thereof.... A combination of rehabilitative treatment and retributive punishment is not intended and is improper. (citation omitted) ...
>
> [A] judge electing to commit a youth offender for treatment and supervision under the alternative sentencing provisions of the Federal Youth Corrections Act is foreclosed from imposing an additional punitive penalty under another provision.

*Id.*

The Tenth Circuit is equally adamant that when a defendant is convicted on two or more counts of an indictment and sentence is imposed under section 5010(b) that the sentence on the one count cannot be increased by the imposition of separate sentences on other counts. As stated in *Price v. United States,* 384 F.2d 650, 652 (10th Cir.1967):

> Cumulative or consecutive sentences on each of several counts would not fit into the design and purpose of the Act.

The Fifth Circuit has never directly addressed the situation before this Court. In the case of *Cramer v. Wise,* 501 F.2d 959 (5th Cir.1974), the Court addressed a closely related issue, and held that a court may not impose monetary fines when sentencing a person under the Act. In determining that the provisions of the Act would be exclusive of monetary fines the Court reasoned that "[t]he provisions of 18 U.S.C. § 5010(a)(b)(c) and (d) are progressive in nature and exclusive of each other." This analysis of the Act would equally foreclose the consecutive sentencing at issue in this case, in that sentencing pursuant to section 5010(b) would exclude an additional probationary period pursuant to section 5010(a).

It is clear to this Court that the conclusion of the Ninth and Tenth Circuits is correct. The provisions of section 5010 are mutually exclusive of each other and to hold otherwise would create an inconsistency. A combination of the provisions could result in a youthful offender being subjected to retributive punishment and rehabilitative treatment for the same offense. This result would conflict with Congress' stated intention for the Act to provide youthful offenders with treatment through rehabilitation rather than retributive punishment. It is only when the court "find(s) that the youth offender will not derive benefit from treatment under (b) or (c)" that an adult penalty should be invoked or when the court "is of the opinion that the youth offender does not need commitment" that the youthful offender should be placed on probation. 18 U.S.C. § 5010(a) and (d). Since incarceration and rehabilitation were considered necessary for Williams, probation would be inconsistent.

A final argument may be made that the provision in 18 U.S.C. § 5023(a) to the effect that nothing in the Act "shall limit or affect the power of any court to suspend the imposition or execution of any sentence and place a youth offender on probation..." permits a sentencing court to order probation in addition to sentencing under one of the provisions of section 5010. *See Calder,* 641 F.2d at 79. The argument rings true to the extent that a judge may sentence a youthful offender to concurrent terms of a definite length of time in excess of six years under § 5010(c) or, in the alternative, suspend the execution of the sentences pursuant to section 5023 and section 5010(a) and place the youthful offender on

probation.[5] As the Supreme Court stated in *Durst v. United States,* 434 U.S. 542, 551, 98 S.Ct. 849, 854, 55 L.Ed.2d 14 (1978):

> The legislative history of § 5023(a) clearly reveals that Congress intended thereby to preserve to sentencing judges their powers under the general probation statute when sentencing youth offenders to probation under § 5010(a). The House Report accompanying S. 2609, 81st Cong., 1st Sess. (1949), the bill which was enacted as the YCA, makes that clear in stating:
>
> > "Under [the bill's] provisions, if the Court finds that a youth offender does not need treatment, it may suspend the imposition or execution of sentence and place the youth offender on probation. Thus, the *power* of the court is left *undisturbed* by the bill." (Emphasis added.) H.R.Rep. No. 2979, 81st Cong., 2d Sess., 3 (1950).

It is clear from this passage that § 5023(a) was meant to preserve the powers under the general probation statute when a sentencing judge utilizes section 5010(a). However, once a judge chooses to impose a custodial sentence pursuant to section 5010(b) the sentence becomes subject to the terms of section 5017(c), which provides that a youthful offender "shall be discharged unconditionally on or before six years from the date of his conviction." Imposition of probation under Count 3 for a term extending beyond the indeterminate sentence imposed on Count 1 clearly places a "condition" on the discharge of Williams upon expiration of the maximum sentence imposed on her as a youthful offender under Count 1. A consecutive probation term therefore violates section 5017(c). *See Calder,* 641 F.2d at 80 (Mansfield, J., concurring in part and dissenting in part.) The Second Circuit in *Calder* incorrectly placed the emphasis of its analysis on the language in sections 5010(b) and 5010(c) providing for custody in lieu of sentencing. Even assuming that probation is not "sentencing," it cannot be argued that proba-

tion is not a "condition" as prohibited by section 5017(c).

### Conclusion

The sentence on Count 3 imposing a two year period of probation is hereby vacated and all proceedings to revoke probation under that sentence are hereby denied. It is further ordered that Williams be released from any further incarceration and supervision pursuant to the sentence imposed in this action.

It is so ORDERED.

---

**5.** The Court may also sentence the youthful offender as an adult under § 5010(d) to a definite term. Sentencing under § 5010(d) does not,

however, invoke the Act. *Taylor v. Carlson,* 671 F.2d 137, 138 (5th Cir.1982).