NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2019


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 17-10427 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 4:16-cr-00370-RM-BGM-1 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| LUCIANO MORENO-QUIDERA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted April 17, 2019**
San Francisco, California

Before: FERNANDEZ, BEA, and N.R. SMITH, Circuit Judges.

Luciano Moreno-Quidera appeals his conviction and sentence for attempted

illegal reentry by a removed alien. *See* 8 U.S.C. § 1326(a). We affirm.

(1)   Moreno was convicted after a bench trial. He asserts that the evidence

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

was insufficient to support his conviction. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc); *see also United States v. Laursen*, 847 F.3d 1026, 1031 (9th Cir. 2017). We disagree. He stipulated to the factual basis of most of the elements of the offense, but contested his alienage. The district court determined that he was not a citizen of the United States. The record demonstrates that his birth certificate was from Mexico and that there were numerous occasions where he had an opportunity to assert his citizenship in court, but did not do so and often stated that he was not a United States citizen. *See United States v. Quintana-Torres*, 235 F.3d 1197, 1200 (9th Cir. 2000); *United States v. Sotelo*, 109 F.3d 1446, 1448–49 (9th Cir. 1997). In addition, the district court did not credit the testimony of his witnesses, who said he was born in the United States. Questions of credibility are for the trier of fact, and on this record we cannot say that the district court erred. *See United States v. Rojas*, 458 F.2d 1355, 1356 (9th Cir. 1972) (per curiam). In short, the evidence was sufficient to support the verdict.

(2) Moreno then asserts that the district court erred in fixing his sentence at thirty-six months and in imposing a term of supervised release. *See United States v. Carty*, 520 F.3d 984, 990–93 (9th Cir. 2008) (en banc).

At the district court, Moreno did not object to the United States Sentencing

2

Guidelines[1] calculations; on the contrary, he specifically stated that the calculations were correct. It is unclear whether he is attacking that calculation itself before us or is merely alluding to the Guidelines to bolster his argument for a greater downward variance. If the former, we review for plain error;[2] if the latter, we review for abuse of discretion.[3] Because the district court did not plainly err in its calculation and did not abuse its discretion when it imposed a substantially reasonable sentence, we affirm.

The record before us shows that the district court was well aware of its obligations under 18 U.S.C. § 3553(a), sufficiently considered Moreno's various arguments, and sufficiently explained its sentencing decision. *See Carty*, 520 F.3d at 992. The district court did not unduly narrow the scope of its inquiry in deciding upon Moreno's sentence. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009). It was well aware of his concerns about being removed to Mexico

---

[1]All references to the United States Sentencing Guidelines herein are to the November 1, 2016, version unless otherwise noted.

[2]*See United States v. Blinkinsop*, 606 F.3d 1110, 1114 & n.2 (9th Cir. 2010); *see also United States v. Olano*, 507 U.S. 725, 732–36, 113 S. Ct. 1770, 1776–79, 123 L. Ed. 2d 508 (1993).

[3]*United States v. Higuera-Llamos*, 574 F.3d 1206, 1210 (9th Cir. 2009); *see also Carty*, 520 F.3d at 993.

and his desire to stay here.[4] Similarly, it was well aware of his desire for a downward variance[5] based upon the nature of his criminal history. It did not abuse its discretion when it did not consider that history a positive factor and did not vary on that basis. Moreno's suggestion that the district court faulted him for going to trial is otiose—the district court actually gave him a downward variance in that respect. Finally, Moreno argues that the district court erred when it imposed a term of supervised release because it is precluded from imposing any such term. *See* USSG §5D1.1(c). However, in so arguing he overlooks the word "ordinarily" in that Guideline, which leaves the district court with discretion to impose a term of supervised release on some defendants who are likely to be removed. *See id.*; *see also id.* comment. (n.5). Moreno's persistent return to this country in violation of its laws indicated that some additional effort to preclude further violations was in order.

Moreover, on this record the sentence imposed upon Moreno, which was ten

---

[4]The mere possibility of removal was not a proper factor for departure under the Guidelines. *See United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990). However, that would not necessarily preclude its consideration for the purposes of a variance.

[5]Moreno alludes to USSG §4A1.3. Although that is a departure Guideline, we take his claim to be one for a variance as the district court apparently did. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005 (9th Cir. 2012); *United States v. Mohamed*, 459 F.3d 979, 986–87 (9th Cir. 2006).

months below the lowest level of the Guideline range (forty-six months), was substantively reasonable. *See Blinkinsop*, 606 F.3d at 1116–17.

AFFIRMED.